U.S. Court of Appeals Docket No. 24-6697

_____

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

_____

COURTHOUSE NEWS SERVICE,

*Plaintiff/Appellee*,

vs.

SARA OMUNDSON, in her official capacity as Administrative Director of Idaho Courts,

*Defendant/Appellant.*

_____

On Appeal from a Decision of the United States District Court
for the District of Idaho
Case No. 1:21-cv-00305-DCN
The Honorable David C. Nye

_____

**MOTION OF APPELLEE COURTHOUSE NEWS SERVICE
TO ASSIGN APPEAL TO PANEL THAT DECIDED
*COURTHOUSE NEWS SERVICE v. PLANET I-III***

_____

Roger Myers, Esq.
Rachel Matteo-Boehm, Esq.
Jonathan Fetterly, Esq.
Katherine Keating, Esq.
**BRYAN CAVE LEIGHTON PAISNER LLP**
3 Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
roger.myers@bclplaw.com; rachel.matteo-boehm@bclplaw.com;
jon.fetterly@bclplaw.com; katherine.keating@bclplaw.com
*Attorneys for Plaintiff-Appellee*
COURTHOUSE NEWS SERVICE

## **INTRODUCTION**

Pursuant to General Order 3.6(d), Plaintiff-Appellee Courthouse News Service ("Courthouse News") respectfully moves for an order designating this appeal as a comeback case to the "'*Planet* trilogy,'" which the district court said lies at "the heart of this case," *Courthouse News Serv. v. Omundson*, 2024 WL 4349112, at *7 (D. Idaho Sept. 30, 2024), and referring this appeal to the panel that decided *Courthouse News Serv. v. Planet*, 947 F.3d 581 (9th Cir. 2020) ("*Planet III*"): Judges Kim McLane Wardlaw, N. Randy Smith, and Mary Murguia. This is substantially the same panel that decided *Courthouse News Serv. v. Planet*, 750 F.3d 776 (9th Cir. 2014) ("*Planet I*") and *Courthouse News Serv. v. Planet*, 614 F. App'x 912 (9th Cir. 2015) ("*Planet II*") (Judges Noonan, Wardlaw, and Murguia). Judge N.R. Smith replaced the late Judge Noonan on the *Planet III* panel.

This appeal stems from Courthouse News' First Amendment challenge to the Idaho state courts administrator's policy of withholding access to newly filed civil complaints until after court staff complete administrative processing, *see Omundson*, 2024 WL 4349112, at **2-3 (factual background) – the same challenge litigated in *Planet I-III*. Although the governmental party differs in this appeal, the issues do not. Defendant-Appellant ("Appellant") argues that (1) the district court should have abstained; (2) the First Amendment access right does not attach to a complaint until after court staff have completed administrative processing; (3)

1

*Planet III* applied the wrong First Amendment test; and (4) Appellant has satisfied the test applied in *Planet III*. *See* Appellant's Opening Brief ("AOB") at 2, 3, 15-21, 25-28, 28-31, 33-37, 38-55.[1] As detailed below, these issues formed the core of *Planet I-III*.

The Ninth Circuit has invited motions "to assign an appeal raising the same legal issues," even when one party has changed. *Titus v. BlueChip Fin.*, 786 F. App'x 694, 695 (9th Cir. 2019).[2] Courthouse News requests that it do so here for judicial efficiency in light of the *Planet* panel's experience with "the important First Amendment interest at stake," *Planet II*, 614 F. App'x at 914, following the "decade-long battle" in *Planet* over the existence and scope of the right of "timely access to newly filed civil complaints." *Planet III*, 947 F.3d at 585, 591 (citing *Planet I*, 750 F.3d at 788, and *Planet II*, 614 F. App'x at 915).

---

[1] Page numbers in citations refer to the cited document's original pagination (typically located at the bottom of the page) rather than pagination from the ECF header.

[2] Though this appeal does not meet the strict definition of a "comeback case" (a "subsequent appeal[ ] … from a district court case … involving substantially the same parties and issues from which there had been a calendared appeal," Ninth Cir. G.O. 1.12), assigning this case to the *Planet* panel is consistent with "the underlying rationale for taking a case as a comeback," which "is that a panel has some special insight into the new appeal … based on dealing with the merits of substantially similar issues that were properly presented in a previous appeal." *League of United Latin Am. Citizens v. Wheeler*, 940 F.3d 1126, 1129 (9th Cir. 2019) (en banc) (Bea, J., dissenting). Indeed, "[i]f the new appeal 'predominantly involves the interpretation and application of the prior panel decision,' the panel is 'encouraged' to accept the new appeal." Fed. App. Prac: Ninth Circuit, Comeback Cases § 17.4 (2023-24 ed.) (quoting Ninth Circuit G.O. 3.6(d)).

2

Courthouse News respectfully requests that this motion be referred to the *Planet III* panel to decide. Pursuant to Local Rule 27-1, Courthouse News' counsel conferred with Appellant's counsel, who said Appellant will oppose this motion, as described in the attached Declaration of Katherine Keating.

## BACKGROUND

**1. The *Planet* Trilogy**

The *Planet* case spanned nearly a decade and included three Ninth Circuit decisions. Judges Noonan, Wardlaw, and Murguia decided the first two appeals (*Planet I* and *II*), with Judge N.R. Smith serving in place of the late Judge Noonan for the final appeal (*Planet III*).[3]

*Planet I*. The Ninth Circuit first considered Courthouse News' challenge to a state court's refusal to provide access to newly filed civil complaints in 2014, when a panel of Judges Noonan, Wardlaw, and Murguia reversed a dismissal on abstention grounds, explaining that Courthouse News' "claims raise novel and important First Amendment questions that the federal courts ought to decide," declining "to leave CNS and those who rely on its reporting twisting in the wind while the state courts address a different question entirely," and remanding "so that

---

[3] Judges Wardlaw, N.R. Smith, and Murguia also decided *Courthouse News Serv. v. Yamasaki*, which arose from Courthouse News' challenge to a different California clerk's no-access-before-process policy. *Yamasaki* was heard together with *Planet III* and decided through a memorandum disposition remanding the case "for further proceedings consistent with" *Planet III*. *Yamasaki*, 950 F.3d 640 (9th Cir. 2020) (mem.).

3

the First Amendment issues presented by this case may be adjudicated on the merits in federal court, where they belong." *Planet I*, 750 F.3d at 793.

*Planet II*. The following year, the same panel reversed a 12(b)(6) dismissal of Courthouse News' claim, rejecting the district court's approach of evaluating the claim "as a purely legal question divorced from the legal framework discussed in [*Planet I*]" and "fail[ing] to conduct the proper fact-specific inquiry." *Planet II*, 614 F. App'x at 914–15.

*Planet III*. Finally, in January 2020, the panel (with Judge N.R. Smith replacing Judge Noonan) (the "*Planet* Panel") issued *Planet III*, which affirmed summary judgment for Courthouse News as to Ventura Superior Court's "no-access-before-process" policy. 947 F.3d at 596.[4] *Planet III* resolved the following issues, which Defendant-Appellant Omundson ("Appellant") seeks to re-litigate in the instant appeal:

- Abstention. The *Planet* Panel reiterated the abstention holding from *Planet I*, explicitly disagreeing with the intervening Seventh Circuit decision in *Courthouse News Serv. v. Brown*, 908 F.3d 1063 (7th Cir. 2018). *Planet III*, 947 F.3d at 591 n.4.

- When the Access Right Attaches. The *Planet* Panel characterized a key district court holding as "the right to timely access attaches at the moment of

---

[4] *Planet III* upheld a scanning policy Ventura adopted after *Planet I* to replace the "no-access-before-process" policy. 947 F.3d at 600.

filing, i.e., when the complaint is received by the court," *id.*, 947 F.3d at 588, and agreed with it: "[W]e conclude, as did the district court, that the qualified right of access to nonconfidential civil complaints arises when they are filed with the court …." *Id.* at 594.

- <u>Rigorous Scrutiny</u>. The *Planet* Panel held that the "rigorous scrutiny" set out in *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986) ("*Press-Enterprise II*"), applied "to the limitation on access to newly filed complaints" challenged by Courthouse News. *Planet III*, 947 F.3d at 595-96. "To survive *Press-Enterprise II*'s two-prong balancing test, Ventura County must demonstrate first that there is a 'substantial probability' that its interest in the fair and orderly administration of justice would be impaired by immediate access, and second, that no reasonable alternatives exist to 'adequately protect' that government interest." *Planet III*, 947 F.3d at 596 (quoting *Press-Enterprise II*, 478 U.S. at 14).

- <u>Application of Scrutiny</u>. Applying the requisite fact-specific scrutiny, the *Planet* Panel concluded that Ventura Superior's "no-access-before-process" policy "fail[ed] both prongs of *Press-Enterprise II*" and was therefore unconstitutional. *Planet III*, 947 F.3d at 596-98.

On remand from *Planet III*, the district court in California entered an amended judgment for Courthouse News enjoining the no-access-before-process policy and declaring that the "right of timely access attaches when new complaints

5

are received by a court, rather than after they are 'processed,'" and that "[t]his qualified right of timely access attaches on receipt regardless of whether courts use paper filing or e-filing systems." *Courthouse News Serv. v. Planet*, 2021 WL 1605216, at *1 (C.D. Cal. Jan. 26, 2021).

**2.     The *Omundson* Case**

Despite the Ninth Circuit's holdings in *Planet III*, Courthouse News was unsuccessful in persuading Appellant to change the "no-access-before-process" policy for new complaints e-filed in Idaho's district courts, *see* ER 2788-2815, and Courthouse News brought a lawsuit alleging a violation of its First Amendment access right.  ER 2772-2786.

Appellant moved to dismiss on two grounds, both of which the district court rejected under the *Planet* "line of cases."  *Courthouse News Serv. v. Omundson*, 598 F. Supp. 3d 929, 935 (D. Idaho 2022).  First, Appellant argued that Courthouse News' claim was barred as a matter of law because *Planet III* said the First Amendment does not "demand[ ] immediate, pre-processing access."  *Id.* at 937-38.  The district court found "*Planet III* does not stand for the proposition asserted by Omundson," and that the true questions under *Planet III* are "whether any delay is occurring in Idaho and, if so, whether that delay is justifiable" under the test set

out in *Planet III*. *Id*. at 938, 941-42.[5] Second, the district court rejected Appellant's argument for abstention based on *Courthouse News Serv. v. Brown*, 908 F.3d 1063 (7th Cir. 2018), pointing out that in *Planet III* "the Ninth Circuit … already soundly ***rejected*** the holding in *Brown* Omundson relies on." 598 F. Supp. 3d at 940 (citing *Planet III*, 947 F.3d at 591 n.4) (emphasis in original).

Following discovery, the district court entered summary judgment for Courthouse News in September 2024, concluding that "Omundson's process does infringe [Courthouse News'] rights." *Omundson*, 2024 WL 4349112, *2. The district court said, "the heart of this case takes its lead from … the '*Planet* trilogy,'" particularly "*Planet III*," which "provides the applicable standard for evaluating whether a court's administrative procedures violate the media's 'right of timely access to newly filed nonconfidential complaints.'" *Omundson*, 2024 WL 4349112, *7 (quoting *Omundson*, 598 F. Supp. 3d at 936, and *Planet III*, 947 F.3d at 585). This appeal followed.

## THIS APPEAL RAISES THE SAME ABSTENTION AND FIRST AMENDMENT ISSUES ADDRESSED IN *PLANET I-III* AND SHOULD BE HEARD BY THE SAME PANEL THAT DECIDED THEM

"Comeback [c]ases" are defined as "subsequent appeals … from a district court case … involving substantially the same parties and issues from which there

---

[5] The court also found it could not answer those questions at that stage of the case and thus denied Courthouse News' motion for a preliminary injunction. *Omundson*, 598 F. Supp. 3d at 946.

previously had been a calendared appeal." Ninth Cir. G.O. 1.12. Often – as in *Planet II* and *III* – these appeals follow remands in the same case and involve the same parties, *id.* 3.6(d), but not always. In *Wheeler*, for example, the panel treated as comebacks both the petition after remand to the administrative agency and a separate petition for review (filed by different petitioners against the same respondent), which were consolidated. 940 F.3d at 1126-27.[6] The dissent did not object to treating either as a comeback if the "properly presented issues in the new petitions are 'substantially the same' as properly presented issues in [the initial] petition for review …, and … we thus have special insight into the properly presented issues in the new petitions for purposes of reviewing them." *Id.* at 1129 (Bea, J. dissenting because he did not view the issues as "substantially similar").

This Circuit has also recognized it can treat as comeback cases appeals involving similar issues but arising in another case. *Titus,* 786 F. App'x at 695. In that case, the panel dismissed as moot BlueChip's appeal of an order denying its motion to compel arbitration. It then said it would consider "any future motion to assign an appeal raising the same legal issues to this panel," although it declined to pre-designate all "future appeals regarding the enforceability of BlueChip's

---

[6] This is not dissimilar to what happened in *Yamasaki*, 950 F.3d 640 (mem.). Although not designated a comeback case, the appeals from different district court decisions in a different case, filed after the district court decision in *Planet*, were consolidated for argument with *Planet III*. *See* Order, *Yamasaki*, No. 17-56331 (Dkt. 42) (9th Cir. Dec. 11, 2017).

8

arbitration provision as comeback cases." *Id.*[7]

Although it does not use the term "comeback case," the First Circuit has a provision excepting this type of "sequel to, or offshoot of, a case previously decided by the court" from the rule of random assignment, which provides that it "may be assigned to a particular panel" that heard the prior case. First Circuit Initial Operating Procedure VII.D(1). This Circuit's General Orders are not that specific, but a "motion such as this could be brought even in the absence of such a general order or rule," 1C West's Fed. Forms, Courts of Appeal § 7:131 (6th ed. 2024 update), as the motion in *BlueChip* and the panel's order both illustrate.

Because this appeal re-litigates the three *Planet* decisions, granting this motion would serve the interests of justice, judicial efficiency, and the "goal of [this] circuit's decisions … to preserve the consistency of circuit law." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

## A.  This Appeal is a Re-Litigation of *Planet I*, *II*, and *III*

This appeal turns on four issues that were thoroughly addressed in – and resolved by – *Planet I*, *II*, and *III*:

---

[7] BlueChip argued there were, and likely would be more, new cases filed against BlueChip, all involving enforceability of its arbitration provision. On that basis, BlueChip's counsel asked that, if appeal was dismissed as moot, the panel treat any future appeal on that issue as a comeback case, because the issue was "fully briefed" prior to dismissal. Opp. to Mot. to Dismiss Appeal as Moot 7, 9-10, 14-15, *Titus v. BlueChip Financial*, No. 18-35940 (Dkt. 54-1) (9th Cir. Nov. 11, 2019).

1. <u>Abstention</u>. Despite *Planet I*'s rejection of abstention, 750 F.3d at 779, and *Planet III*'s explicit disagreement with the Seventh Circuit's *Brown* abstention decision, *Planet III*, 947 F.3d at 591 n.4, Appellant urges the Court to follow *Brown* and abstain from hearing Courthouse News' claim. AOB 4 (first "Issue Presented"), 15-18.

2. <u>When the Access Right Attaches</u>. Despite *Planet III*'s holding that the press and public have a qualified right of access to civil complaints that attaches when the filer submits a complaint rather than when court staff have completed administrative processing, 947 F.3d at 588, 594, Appellant argues that Idaho's administrative definitions mean no First Amendment access right attaches to e-filed complaints until after the complaints are processed and "accepted." AOB at 4 (second "Issue Presented"), 21-31. According to Appellant, this means that, as a matter of law, there can be no First Amendment recourse when a court withholds a complaint for processing, no matter how long that takes. AOB at 21-32.

3. <u>What Test to Apply</u>. As part of her third Issue Presented, AOB at 4, 32-38, Appellant asks the Court to reject application of "the *Planet III* majority's flawed 'rigorous scrutiny' standard" and instead apply the "time, place, and manner test … cited in Judge Smith's concurrence." *Id.* at 36; *see Planet III*, 947 F.3d at 596 n.9 (explaining why *Planet* Panel did not apply the "time, place and manner test" urged in concurrence).

4. <u>Application of the Test</u>. Finally, Appellant purports to apply *Planet III* rigorous scrutiny to her no-access-before-process policy, though without recognizing the evidentiary burden *Planet III* said she must meet under that test. AOB 4 (third Issue Presented), 38-55; *see Planet III*, 947 F.3d at 596 ("To survive *Press-Enterprise II*'s two-prong balancing test, [defendant] must demonstrate first that there is a 'substantial probability' that" an overriding interest "would be impaired by immediate access, and second, that no reasonable alternatives exist to 'adequately protect' that government interest.") (quoting *Press-Enterprise II*, 478 U.S. at 14).

**B.     Many of Appellant's Other Issues Were Also Briefed in *Planet III***

The interests of judicial efficiency and economy are implicated not only by the Issues Presented but also extend to other arguments that were briefed and argued but not expressly addressed in *Planet* and the related case it was consolidated with for argument, *Courthouse News Serv. v. Yamasaki*, 950 F.3d 640 (9th Cir. 2020), which was reversed in light of *Planet III*.

Specifically, there are a host of subsidiary arguments in Appellant's Opening Brief beyond those in the Statement of Issues Presented that were briefed in *Planet* and *Yamasaki*, beginning with the standard of review. Appellant claims even factual review is *de novo*, AOB at 14, but as we pointed out in *Planet III*, that is only when a restriction on speech is upheld as constitutional. *Planet III*, Principal /

11

Consolidated Resp. Br. of Courthouse News (ECF 37 at 21 n.18): "When a district court 'strikes down a restriction on speech, this Court reviews its 'findings of fact … for clear error' given, as Judge Wardlaw put it, 'the "special solicitude" we have for claims alleging the abridgement of First Amendment rights.'" *Id.* (quoting *Brown v. California Dep't of Transp.*, 321 F.3d 1217, 1221 (9th Cir. 2003)).

Appellant's assertions in support of her attempt to relitigate the first part of the *Press-Enterprise II* test also were briefed in *Planet III* and *Yamasaki*. Appellant contends the court below erred in following *Planet III* because she claims the history of access in Idaho is different than California. AOB at 28-30. She then attempts to redefine the definition of "filed" – moving it from when a complaint is received for filing to after it is reviewed, processed, and accepted by a clerk, *id.* at 21-32 – in order to use the first part of the *Press-Enterprise II* test to shield delays in access from rigorous constitutional scrutiny under the second part of that test. *Omundson*, 2024 WL 4349112 at \*9 (recognizing that if the court accepted Appellant's argument that complaints are not filed until processed and accepted, "then access is basically instantaneous [to] when cases are filed, [and] there is no delay" that needs justification under the second part of the *Press-Enterprise II* test).

Both arguments were briefed in *Planet III* and *Yamasaki* – in the latter,

12

responding to a ruling by the district court that evidence showing a history of access on receipt in most states was insufficient – and implicitly rebuffed in *Planet III* as well as by the reversal of the district court in *Yamasaki* in light of *Planet III*.[8]

Finally, Appellant's argument that what she characterizes as "minimal" delays in access cannot violate the First Amendment right of timely access as a matter of law and therefore need not satisfy the second prong of the *Press-Enterprise II* test, AOB at 46, was put at issue in *Yamasaki* by the district court's ruling that delays of 8 business hours or less never need to satisfy constitutional scrutiny. *Courthouse News Serv. v. Yamasaki*, 312 F. Supp. 3d 844, 854, 877 (C.D. Cal. 2018), *vacated and remanded*, 950 F.3d 640 (9th Cir. 2020) (mem.). This was the second Issue Presented on appeal in *Yamasaki* and was extensively briefed. CNS Opening Brief at 2, 22-44, Case No. 18-56216 (Dkt. 12) (Jan. 22, 2019)); CNS Reply Brief at 1, 4-15, Case No. 18-56216 (Dkt. 39) (April 30, 2019).

It follows that, as Judge Goodwin said in a related context, "a great savings

---

[8] *See* CNS Principal/Consolidated Resp. Br., *Planet III* (Dkt. 37 at 24) (explaining the Supreme Court has held "'the practice of any one jurisdiction'" cannot trump "'experience throughout the United States.'") (quoting *El Vocero de Puerto Rico v. Puerto Rico*, 508 U.S. 147, 150 (1993)); CNS Opening Br., *Yamasaki* (Dkt. 12 at 32 & n.22) ("[U]niformity is not required. *El Vocero*, 508 U.S. at 150. '[E]xceptions [are] allowed,' *Detroit Free Press [v. Ashcroft]*, 303 F.3d [681,] 701 [(6th Cir. 2002)], as long as access has been 'widespread,' *El Vocero*, 508 U.S. at 150, in 'several' states. *Cal-Almond, Inc. v. U.S. Dep't of Agric.*, 960 F.2d 105, 109 & n.1 (9th Cir. 1992)."); *id.* at 36 (arguing that "delay[s] in access to new complaints" cannot be protected from constitutional scrutiny "by using experience and logic to set a bright-line rule allowing delay" before the right of access attaches) (heading II.A) (capitalization omitted).

in time and energy can be accomplished" if the *Planet* panel hears this appeal. *United States v. Cordoba*, 194 F.3d 1053, 1064 (9th Cir. 1999) (Goodwin, J., concurring). Otherwise, "a whole new learning curve has to be developed by three new judges who have no knowledge of the case." *Id.*[9] It also avoids the problem of creating a conflict with *Planet III*'s implicit rejection of Appellant's arguments. Rutter Group, Ninth Cir. Civ. App. Prac. § 8:176.11 (2024) ("courts will construe the holding of a prior opinion to include a point that the opinion does not clearly address, but that the parties necessarily litigated as evidenced by the appellate briefs") (citing *United States v. City of Twin Falls, Idaho*, 806 F.2d 862, 877 (9th Cir. 1986) (case can be read as establishing a rule it did not expressly state where "the parties' briefs revealed that the issue … was vigorously argued")).

## **CONCLUSION**

The *Omundson* appeal does more than implicate issues addressed in *Planet I*, *II*, and *III*. It is tantamount to a fourth installment in the *Planet* trilogy. Once again, the Court is presented with a court official's refusal to stop withholding access to civil complaints until after administrative processing has been completed, once again raising questions the *Planet* Panel already decided. Accordingly,

---

[9] Judge Goodwin was objecting to the prior panel's decision not to take as a comeback case the appeal after remand for an evidentiary hearing, ordered by the prior panel, under *Daubert v. Merrell Dow Pham., Inc.*, 509 U.S. 579 (1993).

Courthouse News respectfully requests that this appeal be assigned to the *Planet* Panel: Judges Kim McLane Wardlaw, N. Randy Smith, and Mary Murguia.

Dated:  March 14, 2025             BRYAN CAVE LEIGHTON PAISNER LLP

By: */s/  Katherine Keating*
       Katherine Keating
Attorneys for Plaintiff-Appellee
Courthouse News Service

# DECLARATION OF KATHERINE KEATING IN SUPPORT OF MOTION OF APPELLEE COURTHOUSE NEWS SERVICE TO ASSIGN CASE TO PRIOR PANEL

I, Katherine Keating, declare:

1. I am an attorney duly licensed to practice law in the State of California and in the Ninth Circuit Court of Appeals and am counsel with the law firm Bryan Cave Leighton Paisner LLP, attorneys for Appellee Courthouse News Service. I make this declaration of my own personal knowledge, and if called as a witness, I could and would testify competently to the facts stated herein.

2. On March 12, 2025, I sent an e-mail to Keely Duke and Molly Mitchell, attorneys for Appellant Sara Omundson, informing them that Courthouse News Service intended to file a motion to have this appeal treated as a comeback case and assigned to the panel that decided *Courthouse News v. Planet*, 947 F.3d 581 (9th Cir. 2020). Responding by e-mail on March 13, 2025, Ms. Mitchell responded that that Appellant would oppose this motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Cathedral City, California, on March 14, 2025.

                                         */s/ Katherine Keating*
                                            Katherine Keating