No. 24-6697

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

COURTHOUSE NEWS SERVICE,

*Plaintiff-Appellee*, v.

SARA OMUNDSON,

*Defendant-Appellant*.

On Appeal from the United States District Court
for the District of Idaho
No. 1:21-CV-00305-DCN
Hon. David C. Nye Presiding

**APPELLANT SARA OMUNDSON'S
OPPOSITION TO APPELLEE
COURTHOUSE NEWS SERVICE'S
MOTION TO ASSIGN APPEAL TO
PANEL THAT DECIDED *COURTHOUSE
NEWS SERVICE v. PLANET I-III***

Keely E. Duke
Molly E. Mitchell
Duke Evett, PLLC
1087 West River Street, Suite 300,
Boise, ID 83702
Telephone (208) 342-3310
Email: ked@dukeevett.com;
mem@dukeevett.com

*Attorneys for Appellant Sara Omundson*

## **INTRODUCTION**

This appeal undisputedly does not meet the requirements for treatment as a "comeback case" under the General Order 3.6, and therefore Courthouse News Service's ("CNS") Motion to treat it as a "comeback case" from the *Planet* trilogy of appeals such should be denied.

CNS seeks to expand General Order 3.6 to encompass any appeal that purportedly shares common issues with a prior appeal. This is counter to the plain language of General Order 3.6 and, even if the Order were to be so broadly construed, the only commonality between the two cases is the plaintiff, CNS. This case is brought against a different defendant; the *Planet* cases were against the Clerk of the Ventura County Superior Court, whereas this case is brought against Sara Omundson ("Omundson"), the Administrative Director of Idaho Courts. This case involves a different filing system; the *Planet* cases involved questions of access to paper complaints filed in-person at the Ventura County courthouse, whereas this case involves questions of access to electronically submitted complaints. And most importantly, this case presents question that are distinct from what was decided in *Courthouse News Service v. Planet*, 947 F.3d 581 (9th Cir. 2020) ("*Planet III*") because that case addressed access to complaints that had ***already been accepted by the clerk for filing***, whereas this appeal presents the question of whether the press and public have access to complaints that have been electronically submitted to the

2

Idaho Courts' e-filing system but *have not yet been reviewed and accepted by the clerk for filing*. The latter have not initiated a lawsuit and may never do so if they are rejected by the clerk and not successfully resubmitted and accepted for filing. Therefore, the qualified right of timely access under the First Amendment does not attach to the complaints at issue in this appeal because they have not yet initiated judicial proceedings.

Because this is not an appeal from a district court's decision following remand from a prior appeal, CNS's Motion to treat this appeal as a "comeback case" under General Order 3.6 should be denied.

## ARGUMENT

A. **This case is not a "comeback case" under the plain language of General Order 3.6.**

The Ninth Circuit's General Orders define "comeback cases" as "subsequent appeals or petitions from a district court case or agency proceeding involving substantially the same parties and issues from which there previously had been a calendared appeal or petition." General Order 1.12. The General Orders also specify when a "comeback case" may be heard by the same panel. The provision cited by CNS states:

> d. **Appeals Following Remand or Other Decision in the Same Underlying Case**
> When a new appeal is taken to this Court from a district court or agency decision following a remand or other decision by an argument panel, the Clerk's Office will notify the panel that previously heard the case

3

>that the new appeal or petition is pending, and will provide a brief description of the issues presented. The prior panel is encouraged to accept a case that predominately involves the interpretation and application of the prior panel decision, except when it is impossible to reconstitute the prior panel. Any motion to assign a new appeal to a prior panel will be referred to the prior panel for decision. A new appeal will be assigned to the prior panel if two of the judges on the prior panel agree to accept the case. If the third judge on the prior panel is unavailable, the Clerk shall draw a replacement, utilizing a list of active judges randomly drawn by lot as provided in G.O. 3.2.h.

General Order 3.6(d). This case is plainly not a "comeback case" under the plain language of the General Order; this is the first appeal in this case and thus there was no remand from a prior panel. Importantly, CNS acknowledges "***this appeal does not meet the strict definition of a 'comeback case'***[.]" Dkt. 13.1 at 2. This concession is dispositive CNS's Motion.

CNS has not established that this appeal satisfies the requirements of General 3.6(d), nor has it cited any caselaw where an appeal was treated as a "comeback case" under similar circumstances. CNS relies on an unpublished opinion, *Titus v. BlueChip. Fin.*, 786 Fed. Appx. 694 (9th Cir. 2019), to support the claim that "[t]he Ninth Circuit has invited motions 'to assign an appeal raising the same legal issues,' even when one party has changed." Dkt. 13.1 at 3. *Titus* involved a motion to compel arbitration where there were other class actions pending against the same defendant. *Id.* at 695. The plaintiff voluntarily dismissed her claims under F.R.C.P. 41(a)(1)(A)(i) and the district court denied the defendant's motion to compel arbitration. Because plaintiff's unilateral dismissal caused the case to become moot,

4

the district court's denial of the motion to compel arbitration was vacated and the appeal was dismissed on mootness grounds. *Id.* The end of the opinion states: "Although we decline to designate future appeals regarding the enforceability of BlueChip's arbitration provision as comeback cases, *see* Ninth Cir. General Orders 1.12, 3.6(d), our decision is without prejudice to any future motion to assign an appeal raising the same legal issues to this panel, *see* Circuit Advisory Committee Note to Rules 34-1 to 34-3." *Id.* The Advisory Committee Notes state, in relevant part:

> **(1) Appeals Raising the Same Issues**. When other *pending cases* raise the same legal issues, the Court may advance or defer the hearing of an appeal so that related issues can be heard at the same time. Cases involving the same legal issue are identified during the Court's inventory process. The first panel to whom the issue is submitted has priority. Normally, other panels will enter orders vacating submission and advise counsel of the other pending case when it appears that the first panel's decision is likely to be dispositive of the issue.

Cir. Advisory Committee Notes to Rules, 34-1 to 34-3, subsection 1 (emphasis added).

Thus, *Titus* does not support CNS's argument that a similar issue, by itself, gives rise to designation as a comeback case. Although other appeals would have involved the same exact issue (enforceability of a specific arbitration clause), the Ninth Circuit **declined** to designate any such appeals as comeback cases. *Id.* at 695. And unlike in *Titus*, this is not a situation where there are multiple pending cases

5

that raise the exact same issue. Thus, CNS has not provided any authority to support its contention that a purported commonality in issues between the pending appeal and an appeal decided years prior is enough to treat the pending appeal as a comeback case.

Despite conceding that this case does not meet the definition of a comeback case, Dkt. 13.1 at 2, and citing no analogous case law that would support treating this case as a comeback case, CNS argues that this case should be treated as a comeback case because doing so would purportedly promote judicial economy. This argument fails for at least two reasons.

First, on its face, General Order 3.6 does not include a catchall provision that allows a case to be treated as a "comeback case" based on considerations of judicial efficiency alone. To the contrary, the General Order sets forth specific requirements for treatment as a "comeback case," and those requirements undisputedly have not been satisfied here. By CNS's logic, any case that applies a legal framework from a prior Ninth Circuit decision to a new set of facts would qualify as a "comeback case" because the panel that decided the prior case would be most familiar with the framework. This exceptionally broad reading of General Order 3.6 is inconsistent with the specific language of the Order, and would lead to absurd results. As is the case with almost all appeals, this appeal involves the application of existing precedent to new facts. If this were enough to satisfy General Order 3.6, then

practically every appeal would be a "comeback case" to the appeal that set forth the applicable legal framework.

Second, treating this case as a "comeback case" does not promote judicial efficiency because it is based on an entirely different set of facts than the *Planet* trilogy. The *Planet* panel's familiarity with Ventura County's paper filing procedures does not give rise to any efficiencies in this case, which is based on access to complaints that have been electronically submitted to Tyler Technologies' eFile & Serve but not yet reviewed or accepted for filing by the clerk. This appeal simply involves application of Ninth Circuit and United States Supreme Court precedent to a new set of facts, which any panel of Ninth Circuit judges is equally qualified to do, and is indeed what practically every appeal entails.

**B.     This appeal does not present the same challenges litigated in the *Planet* trilogy.**

As discussed above, an alleged commonality of issues between a pending and prior appeal does not satisfy the requirements of General Order 3.6. And as discussed below, even if this was enough, there is no such commonality of issues between this appeal and the *Planet* trilogy.

Despite having conceded that this appeal does not satisfy the requirements of General Order 3.6, CNS tries to characterize it as a "comeback case" by claiming that it presents "the same challenge litigated in *Planet I-III*." Dkt. 13.1 at 2. That is simply not the case. This appeal presents a challenge to an access policy that was

7

not at issue in the *Planet* trilogy.

The *Planet* cases involved questions about access to complaints that ***had already been reviewed by the court clerk and accepted*** in the Court's file, thus qualifying them as judicial documents (meaning they invoked the court's jurisdiction). In this case, CNS is seeking essentially immediate access to documents that have been submitted to Tyler Technologies' eFile & Serve for clerk review, but that ***have not yet been accepted by the clerk for filing in the official court record*** (known as Case Manager) and therefore have not yet initiated judicial proceedings. This case does not seek to re-litigate issues raised in *Planet*, and instead involves the application of existing precedent to a factually distinguishable scenario, as discussed below.

> **1.    The facts supporting the abstention determination in *Planet I* do not exist in this case, and therefore abstention is warranted.**

The Ninth Circuit's abstention analysis in *Planet I* was predicated on the right of access to "judicial proceedings." *Courthouse News Service v. Planet*, 750 F.3d 776, 792-93 (9th Cir. 2014) ("There may be limitations on the public's right of access to judicial proceedings, and mandating same-day viewing of unlimited civil complaints may be one of them."). In contrast, the complaints at issue in this appeal ***have not initiated judicial proceedings*** (and may never do so if they are rejected and not successfully resubmitted). Thus, the factual underpinnings of the abstention analysis in *Planet I* (namely that complaints accepted by the clerk for filing had

8

initiated judicial proceedings) are inapplicable.

In addition, the abstention analysis in *Planet* was based on a scenario involving federal oversight of policy preferences of one clerk's office in one county, whereas this case involves ongoing federal interference with Idaho's entire state judicial system.

Finally, the abstention analysis in *Planet* did not involve a federal court weighing in on state substantive law, which is not the case in this appeal. Pursuant to the Idaho Constitution, the Idaho Supreme Court is responsible for the supervision and administration of all of Idaho's courts. Idaho Const. Art. V, § 2. In interpreting the plain language of Idaho Rule of Electronic Filing and Service ("IREFS") 13 (a rule that the Idaho Supreme Court enacted), the Idaho Supreme Court found that a rejected petition is "deemed to have not been filed" if rejected and not resubmitted within three days. *Citizens Against Linscott v. Bonner Cty. Bd. Of Comm'rs,* 168 Idaho 705, 714, 486 P.3d 515 (2021). Failure to timely resubmit a complaint for filing within the statute of limitations results in a jurisdictional bar that requires dismissal of the complaint. *Id.* (citing I.R.C.P. 84(n), which provides that "failure to physically file a petition for judicial review ... within the time limits prescribed by statute and these rules is jurisdictional and will cause automatic dismissal of the petition"). Under Idaho law, a complaint is not "physically filed" until it has been reviewed and accepted for filing by a clerk; mere transmission of the document to

9

eFile & Serve for clerk review is not enough. The *Planet* cases, on the other hand, did not involve a federal court re-writing California substantive law.

Thus, there are significant differences between this case and the *Planet* cases, and therefore this appeal is not re-litigating the "same issues" that were decided in the *Planet* trilogy.

**2.   The timing of access at issue in this appeal was not decided in the *Planet* trilogy.**

In *Planet,* the at-issue complaints were paper, not electronic, documents that had already been reviewed and accepted by the clerk into the court's file. *Planet III*, 947 F.3d at 586. The *Planet* complaints were then subjected to *six additional* steps related to opening a physical case file, followed by an "additional layer of quality control review" performed by supervisors, all of which took several days to complete. *Id.* Unlike the instant appeal (where the steps for opening a case file occur instantaneously and simultaneously once the clerk accepts the complaint for filing) the Ventura County's Court Case Management System ("CCMS") required clerks to enter "considerably more information" and required "a fair amount of time" to process newly filed complaints before a file number would even be generated. *Courthouse News Serv. v. Planet,* No. CV11-08083, 2016 WL 4157210, at *4 (C.D. Cal. May 26, 2016). Such information was not entered into the CCMS until *after* the clerk had reviewed and accepted the complaint. *Planet III,* 947 F.3d at 585.

The process in Idaho is far different than the process at issue in *Planet III*.

10

Under Idaho's e-filing system, complaints are submitted through Tyler Technologies' eFile & Serve database for clerk review and acceptance. ER 2535 at 124:3-7. Once submitted to eFile & Serve, the complaint is in a queue until a local clerk signs into the Tyler Technologies system, performs a limited review of the submission (e.g. checking if the filing fee has been paid, filed in the correct jurisdiction, etc.), and either (1) accepts the complaint, which then instantaneously moves it out of the Tyler Technologies system and into the Idaho Supreme Court's Case Manager (i.e. the official court record) or (2) rejects the submission, which leaves the document in the Tyler Technologies database, and sends it back to the intended filer with a note on what needs to be done to correct the submission for filing. ER 1632 at 44:1-16, 2076, 2068. If the complaint is accepted for filing, it is then immediately transferred to Case Manager and the following occurs instantaneously: the filing fee payment is captured (ER 2538 at 136:25-137:21), the complaint is transferred from Tyler Technologies' eFile & Serve into the Court's Case Manager (ER 191 at ¶ 9); the complaint is file-stamped (ER 2541 at 146:1-15); the complaint is now available to the press and public (ER 1632 at 43:9-24, 44:10-16), the complaint is now available to judges and court staff (they have *no access to documents in eFile & Serve*) (ER 1634-1635 at 51:16-52: 13, 54:5-56:3), and a judge is assigned (ER 2068).

Because this appeal involves access to complaints that have not yet been

11

reviewed and accepted by a clerk, it presents issues that were ***not*** addressed in *Planet III*. To support its contention that this appeal presents the same issues addressed in *Planet*, CNS claims that *Planet III* held "that the press and public have a qualified right of access to civil complaints that attaches when the filer ***submit*s** a complaint rather than when court staff have completed administrative processing, 947 F.3d at 588, 594[.]" Dkt. 13.1 at 11 (emphasis added). That is incorrect. This part of the opinion states: "Though we conclude, as did the district court, that the qualified right of access to nonconfidential civil complaints arises when they are ***filed*** with the court, ***we do not view that conclusion as demanding immediate, pre-processing access to newly filed complaints***." 947 F.3d at 594 (emphasis added). The distinction between submission vs. filing is unique to the e-filing system used by Idaho Courts, and therefore the issues raised in this appeal were not decided by the *Planet* trilogy.

This case is factually distinguishable from *Planet III*, and therefore presents issues that were not decided by *Planet III*. Like most appeals, this case involves application of existing precedent to a new set of facts. This unremarkable circumstance does not give rise to designation as a "comeback case" under General Order 3.6, and therefore CNS's Motion should be denied.

## CONCLUSION

For the reasons set forth above, Omundson respectfully requests that CNS's Motion to treat this case as a comeback case under General Order 3.6 be denied.

12

Date: March 24, 2025

                                      DUKE EVETT, PLLC

                                      /s/ Keely E. Duke
                                      Keely E. Duke
                                      Molly E. Mitchell
                                      *Attorneys for Appellant Sara Omundson*