U.S. Court of Appeals Docket No. 24-6697

_____

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

_____

COURTHOUSE NEWS SERVICE,

*Plaintiff/Appellee*,

vs.

SARA OMUNDSON, in her official capacity as
Administrative Director of Idaho Courts,

*Defendant/Appellant.*

_____

On Appeal from a Decision of the United States District Court
for the District of Idaho
Case No. 1:21-cv-00305-DCN
The Honorable David C. Nye

_____

**REPLY OF APPELLEE COURTHOUSE NEWS SERVICE
IN SUPPORT OF MOTION TO ASSIGN APPEAL
TO PANEL THAT DECIDED
*COURTHOUSE NEWS SERVICE v. PLANET I-III***

_____

Roger Myers, Esq.
Rachel Matteo-Boehm, Esq.
Jonathan Fetterly, Esq.
Katherine Keating, Esq.
**BRYAN CAVE LEIGHTON PAISNER LLP**
3 Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
roger.myers@bclplaw.com; rachel.matteo-boehm@bclplaw.com;
jon.fetterly@bclplaw.com; katherine.keating@bclplaw.com
*Attorneys for Plaintiff-Appellee*
COURTHOUSE NEWS SERVICE

# INTRODUCTION

This appeal is, functionally, the sequel to the *Planet* trilogy: *Courthouse News Serv. v. Planet*, 750 F.3d 776 (9th Cir. 2014) ("*Planet I*"); *Courthouse News Serv. v. Planet*, 614 F. App'x 912 (9th Cir. 2015) ("*Planet II*"); and *Courthouse News Serv. v. Planet*, 947 F.3d 581 (9th Cir. 2020) ("*Planet III*").[1] While "any panel of Ninth Circuit judges is equally qualified to" apply precedent to the facts of this case, Opp. at 7 (Dkt. 18.1), the *Planet* panel undoubtedly has "special insight into" this appeal "based on dealing with the merits of substantially similar issues … presented in a previous appeal," which is "the underlying rationale" for assigning a new appeal to a prior panel. *League of United Latin Am. Citizens v. Wheeler*, 940 F.3d 1126, 1129 (9th Cir. 2019) (en banc) (Bea, J., dissenting).

## THE FACTUAL AND LEGAL NEXUS BETWEEN THIS APPEAL AND THE *PLANET* TRILOGY WARRANTS ASSIGNMENT TO THE *PLANET* PANEL

Though it does not fit within the literal confines of a "comeback case" as described by Ninth Circuit General Order 3.6(d), the unique features of this appeal warrant assigning it to the panel that handled the "decade-long battle," *Planet III*, 947 F.3d at 585, over "the important First Amendment interest at stake" in Courthouse News' challenge to a state court's policy of withholding access to new

---

[1] *Planet I* and *Planet II* were decided by Judges John Noonan, Kim McLane Wardlaw, and Mary Murguia. Judge N.R. Smith replaced the late Judge Noonan on the panel for *Planet III*.

1

civil complaints until after court staff complete administrative processing. *Planet II*, 614 F. App'x at 914.

Appellant argues that in *Titus v. BlueChip Fin.*, 786 F. App'x 694, 695 (9th Cir. 2019), the Ninth Circuit's willingness to consider "future motion[s] to assign an appeal raising the same legal issues" – the enforceability of the BlueChip's arbitration provision – "to this panel," was limited to future co-pending appeals. Opp. at 5-6. The underlying case in *Titus*, however, had been dismissed with prejudice, and the Court concluded that "there [was] no 'reasonable expectation that the same complaining party [would] be subjected to the same action again.'" 786 Fed. App'x at 694-95 (citation omitted). The Court thus evidently contemplated an appeal raising the enforceability of BlueChip's arbitration provision that involved a different plaintiff, **without** any co-pending appeal in the *Titus* case.

Moreover, the opposition's assertion that assignment to the *Planet* panel would not serve judicial economy because "there is no … commonality of issues between this appeal and the Planet trilogy" and "the only commonality between the two cases is the plaintiff," Opp. at 2, 7, is manifestly untrue. Appellant seeks not an application of the standard the *Planet* panel held applicable to Courthouse News' claim (*i.e.*, whether Appellant "demonstrate[d] first that there is a 'substantial probability' that its interest" in an overriding government interest

2

"would be impaired by immediate access, and second, that no reasonable alternatives exist to 'adequately protect' that government interest," *Planet III*, 947 F.3d at 596 (quoting *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 14 (1986)), but rather a re-litigation of virtually every holding from the *Planet* trilogy, including:

- Whether the Court should override the circuit precedent established in *Planet III* that a state court's policy of withholding access to civil complaints for administrative processing is subject to the "rigorous scrutiny" of *Press-Enterprise II*. *Planet III*, 947 F.3d at 596; Appellant's Opening Brief at 36 (Dkt. 11) ("AOB") (urging Court not to "appl[y] the *Planet III* majority's flawed 'rigorous scrutiny' standard in this case").

- Whether a federal court may abstain from hearing Courthouse News' challenge to a state court's "no-access-before-process" policy, *Planet III*, 947 F.3d at 587, despite *Planet I*'s holding that Courthouse News' "claims raise novel and important First Amendment questions that the federal courts ought to decide," 750 F.3d at 793, and *Planet III*'s explicit disagreement with the case on which Appellant's abstention argument is premised. AOB at 16-18 (urging Court to adopt abstention analysis of *Courthouse News Serv. v. Brown*, 908 F.3d 1063 (7th Cir. 2018)); *Planet III*, 947 F.3d at 591 n.4 ("We disagree … with the Seventh Circuit's decision [in *Brown*] to abstain ….).

3

- At what point in time the First Amendment right of access attaches to newly filed civil complaints, despite *Planet III*'s agreement with the *Planet* district court that "the right to timely access attaches at the moment of filing, i.e., when the complaint is received by the court." 947 F.3d at 588; AOB at 22-32 (urging Court to hold that the First Amendment right attaches only after court staff have completed administrative processing).

In the face of the overwhelming similarity of this case to the *Planet* saga, Appellant offers only two points as supposedly distinguishing this case from *Planet*. First, she notes that the no-access-before-process policy challenged in this case is implemented statewide while the no-access-before-process policy challenged in *Planet* was implemented in a single county (because California, unlike Idaho, does not have a unified court system). Appellant claims this impacts the abstention analysis. Opp. at 9. Though Appellant's opening brief mentions this difference, AOB at 16, her abstention argument focuses instead on her preference for the Seventh Circuit's approach to abstention in *Brown* (which involved a challenge to a county policy, 908 F.3d at 1065). AOB 16-18. In any event, the *Planet* panel would be in the best position to understand whether the abstention analysis of *Planet I*, which was reaffirmed in *Planet III*, 947 F.3d at 591 n.4, somehow turned on the policy's implementation at the county rather than state level.

4

Second, she contends this appeal is "factually distinguishable" from the *Planet* trilogy because the Idaho complaints at issue "***have not yet been accepted by the clerk for filing in the official court record***." Opp. at 8 (emphasis original). According to Appellant, this distinction impacts the abstention analysis because (1) "complaints at issue in this appeal" have not been administratively accepted and thus "have not initiated judicial proceedings," Opp. at 8-9 (emphasis removed); and (2) Idaho administrative rules establish the administrative relationship between "acceptance" and "filing," such that this case involves "a federal court weighing in on substantive state law. Opp. at 9-10. Appellant also argues that the supposed distinction underlies the determination of whether and when the First Amendment access right attaches to a new civil complaint. Opp. at 10-12.

Unfamiliar with the *Planet* record, Appellant is evidently unaware that the *Planet* defendant took the same position as to the complaints at issue in that case. In *Planet II*, the defendant clerk argued that complaints "may ultimately be rejected for failure to comply with the California Rules of Court," and that "[c]omplaints become official court records 'only after they are assigned a case number, stamped 'filed' and placed in a file folder.'" Appellee's Answering Brief at 8, *Planet II*, Ninth Cir. Case No. 14-56444 (Dkt. 20), 2014 WL 7278648 (Dec. 19, 2014). In fact, the clerk presented as the sole issue on appeal: "Whether the First Amendment creates a right to access civil complaints on the same day they

5

are received by VSC clerks, even before these complaints are ***processed, filed, and entered into the court's official records***." *Id*. at 2 (emphasis added).

In the summary judgment order giving rise to *Planet III*, the district court observed that "Planet to this day takes the position that new unlimited civil complaints received at VSC are not 'filed' until after they are processed, nor do newly filed complaints become 'official court records' or 'public records' until after they are processed." *Courthouse News Serv. v. Planet*, 2016 WL 4157210, at *3 (C.D. Cal. May 26, 2016). Appellant is thus mistaken in believing that state court rules that contemplate clerk action prior to a complaint being considered "filed" or part of the "official court record" require a different analysis. The *Planet* panel already faced Courthouse News' claim under these facts and is uniquely positioned to address it again.

## **CONCLUSION**

A different panel of Ninth Circuit judges would consider this appeal without the benefit of the experience the *Planet* panel gained from thrice adjudicating the same legal issues in the same factual context of Courthouse News' challenge to a state court's withholding access to new civil complaints until after administrative processing. Courthouse News therefore respectfully requests that this appeal be assigned to the *Planet* panel: Judges Kim McLane Wardlaw, N. Randy Smith, and Mary Murguia.

6

Dated: March 31, 2025      BRYAN CAVE LEIGHTON PAISNER LLP

By: */s/ Katherine Keating*
    Katherine Keating

Attorneys for Plaintiff-Appellee
Courthouse News Service

7