U.S. Court of Appeals Docket No. 24-6697

_____

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

_____

COURTHOUSE NEWS SERVICE,

*Plaintiff/Appellee*,

vs.

SARA OMUNDSON, in her official capacity as
Administrative Director of Idaho Courts,

*Defendant/Appellant.*

_____

On Appeal from a Decision of the United States District Court
For the District of Idaho
Case No. 1:21-cv-00305-DCN
The Honorable David C. Nye

_____

## ADDENDUM OF APPELLEE COURTHOUSE NEWS SERVICE

_____

Roger Myers
Rachel Matteo-Boehm
Jonathan Fetterly
Katherine Keating
**BRYAN CAVE LEIGHTON PAISNER LLP**
3 Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
roger.myers@bclplaw.com; rachel.matteo-boehm@bclplaw.com;
jon.fetterly@bclplaw.com; katherine.keating@bclplaw.com

*Attorneys for Plaintiff-Appellee*
COURTHOUSE NEWS SERVICE

## Table of Contents

I.R.E.F.S. 2 Definitions ……………………………..……………………………..i

I.R.E.F.S. 3 Official Court Record ……………………..………………...…..iii

I.R.E.F.S. 5 Exceptions to Electronic Filing of Documents ……………....…..iv

I.R.E.F.S. 7 Sealed and Confidential Documents…………..……………...……vi

I.R.E.F.S. 11 Manner of Filing ………………………………………...…..vii

I.R.E.F.S. 12 Time of Filing ………………………………………………..viii

I.R.E.F.S. 13 Request for Correction; Rejected Filing: Relief ………..……...…..ix

I.R.E.F.S. 15 Privacy Protections for Filings Made with the Court ……………….x

I.C.A.R. 32 (g), (h), and (i) Records of The Judicial Department - Examination and Copying - Exemption from and Limitations on Disclosure ..................................xiii

I.C.A.R. 33 Withdrawal of Files ………………………………...……..…..xxiv

I.R.C.P. 2.6 Privacy Protection for Filings Made with the Court …………...….xxv

## I.R.E.F.S. 2. Definitions

**The following definitions apply to this chapter:**

**(a)**   "Conventional filing" means a process whereby a filer files a paper document with the court.

**(b)**   "Document" means a pleading, a paper, a motion, a declaration, an application, a request, a brief, a memorandum, an exhibit, or other instrument submitted by a filer, including any exhibit or attachment referred to in the instrument. Depending on the context, as used in this chapter, "document" may refer to an instrument in either paper or electronic form.

**(c)**   "Electronic filing" means the process whereby a filer electronically transmits documents to a court in an electronic form to initiate an action or to be included in the court file of an action.

**(d)**   "Electronic filing system" means the systems provided by the Idaho Supreme Court for the electronic filing (File and Serve and Guide and File) and the electronic service of a document via the Internet, excluding the electronic filing of criminal citations by

**(e)**   "Electronic service" means the electronic transmission of a notice of filing by the electronic filing system to the electronic mail (email) address of a party who has consented to electronic service per Rule 17(a)(1). The notice will contain a hyperlink to access a document that was filed electronically for the purpose of accomplishing service. When the serving entity is the court, electronic service may be completed through the electronic filing system or through conventional email.

**(f)**   "Filer" means a person registered with the electronic filing system who submits a document for filing with the court and/or submits a document for service through the electronic filing system. The filer may be an attorney representing a party in the case, a party, or anyone authorized to submit documents for filing on their behalf. The filer may also be a third party tasked with submitting reports, evaluations, or other communications for filing as directed by the court or required by law.

**(g)**   "Service contact" means any party and their email address designated for electronic service between the parties through the electronic filing system.

**(h)** "Other service contact" means any person associated with the filer for purposes of an action whom the filer wishes to receive email notification from the electronic filing system of documents electronically served in the action. An "other service contact" includes another attorney, administrator, or staff from the filer's place of business, or another person who is associated with the filer regarding the action or otherwise has a legitimate connection to the action.

**(i)** "Accept" refers to the determination that a document electronically filed has met the standards set forth in the rules below. The court has the discretion to later reject such a filing if it deems it appropriate to do so.

**(j)** "Confidential" in reference to a document or information means the document or information will not be accessible to the public because it is exempt from public disclosure pursuant to Idaho Court Administrative Rule 32 or it has been sealed by court order pursuant to Idaho Court Administrative Rule 32 or it contains information barred from disclosure to the public under federal or state law. The information or document that is confidential may be accessible to certain court personnel and where applicable, to certain governmental entities as authorized by law, court rule, or court order.

**(k)** "Conventionally signed document" means a paper document with a handwritten signature.

**(l)** "Envelope" is a filing and/or service of documents submitted to the court through the electronic filing system. An envelope can contain one or more documents submitted to the court or others for the same case.

*(Adopted April 15, 2019, effective July 1, 2019)*

**Source URL:** https://isc.idaho.gov/IREFS2

**I.R.E.F.S. 3. Official Court Record**

**Rule 3: Official Court Record**

  **(a)**  The official court record for a case filed or maintained in accordance with these rules is the electronic case file maintained by the court, as well as any paper filings and other conventional filings maintained by the court in accordance with these rules.

  **(b)**  If a court digitizes, records, scans or otherwise reproduces a document that is filed in paper into an electronic record, document or image for entry in the court's case file, the court's electronic record, document or image is the official court record of the filed document.

*(Adopted April 15, 2019, effective July 1, 2019)*

**Source URL:** https://isc.idaho.gov/IREFS3

**I.R.E.F.S. 5. Exceptions to Electronic Filing of Documents**

**The documents identified in this rule are exceptions to the requirement for electronic filing.**

**(a) Probate / Wills.**  Probate matters must be filed electronically; however, any original will, along with any pleading to which it is attached, must be filed both electronically and conventionally. The conventional filing must be made no more than seven business days, excluding legal holidays, from the date of electronic filing.

**(b) Warrants.**  A document delivered to the court to secure an arrest warrant pursuant to Idaho Criminal Rule 4 or an initial juvenile detention order pursuant to Idaho Juvenile Rule 7 must be filed conventionally. A document delivered to the court to secure a search warrant pursuant to Idaho Criminal Rules 41 may be filed conventionally.

**(c) Limits on Exhibits.**  A demonstrative or oversized exhibit must be filed conventionally. Trial exhibits must not be filed unless or until they are offered by a party to be admitted into evidence.

**(d) Grand Jury Material.**  Grand jury materials, which should also be accompanied by a disk or CD-ROM containing the documents in .pdf format, if possible, must be filed conventionally.

**(e) Charging Documents.**  Charging documents in a criminal action including complaints and indictments must be filed conventionally unless filed through an electronic system approved by the Supreme Court.

**(f) Federally Restricted Storage.**  A document or image that is barred from electronic storage must be filed conventionally, including but not limited to sexually explicit images of a minor.

**(g) Document Submitted for *In Camera* Inspection.**  A document submitted for *in camera* inspection must be filed conventionally.

**(h) Motion to Redact or Seal a Document.**  A motion to redact or seal a document by court order pursuant to Idaho Court Administrative Rule 32(i) and the document that is the subject of the motion may be filed conventionally.  If filed electronically, the motion must comply with Rule 7.

**(i) Foreign Subpoena.**  A foreign subpoena submitted to an Idaho court must be filed conventionally.

**(j) Law Enforcement Documents.**  Law enforcement, including state police, sheriff's offices, police departments, and probation and parole officers, may file the following documents conventionally:

- documents for which no case number exists at the time of filing;
- documents related to a court event scheduled for the same day as the filing;
- bonds and accompanying documents received at the jail, and
- documents pertaining to an arrest for one or more offenses where at least one of the offenses is a new filing with no existing case number.

**(k) Hospitalization of Mentally Ill, Detention Without a Hearing.**  A document delivered pursuant to Idaho Court Administrative Rule 100 after office hours, during the weekend, or on a holiday, will be filed in accordance with the procedure set out in Idaho Court Administrative Rule 100.

**(l) Persons with Neurocognitive Disorders, Protective Custody Without a Hearing.**  A document delivered pursuant to Idaho Court Administrative Rule 101 after office hours, during the weekend, or on a holiday, will be filed in accordance with the procedure set out in Idaho Court Administrative Rule 101.

**(m) Order of Removal Upon Issuance of a Summons (C.P.A.).**  A document delivered pursuant to Idaho Juvenile Rule 34 after office hours, during the weekend, or on a holiday, will be filed in accordance with the procedure set out in Idaho Juvenile Rule 34.

**(n) Other Documents that cannot be Filed Electronically.**  Any document or thing that cannot be scanned or otherwise converted to a Portable Document Format (.pdf) must be filed conventionally. Upon a showing of good cause, the court may accept for conventional filing a document that would otherwise be required to be filed through the electronic filing system.

*(Adopted April 15, 2019, effective July 1, 2019; amended April 30, 2024, effective April 30, 2024; amended September 30, 2024, effective October 1, 2024; amended December 18, 2024, effective January 1, 2025; amended effective January 24, 2025.)*

**Source URL:** https://isc.idaho.gov/IREFS5

v

## I.R.E.F.S. 7. Sealed and Confidential Documents

 (a) **Motions to Redact or Seal by Court Order.** Motions to redact or seal records under Idaho Court Administrative Rule 32(i) may be filed electronically only as follows:

(1) The filer must select the Filing Code "Motion to Redact or Seal Newly Filed Records" or "Motion to Redact or Seal Previously Filed Records," as appropriate, when submitting the motion.

(2) If the motion requests the redaction or sealing of records that have not previously been filed in the action, the filer must submit those records for review. The records must be submitted as a separate document in the same envelope as the motion or, if necessary due to file size, in multiple envelopes in compliance with Rule 6. The filer must select the Filing Code "Subject Document-Motion to Redact or Seal Newly Filed Records" when submitting the document or documents that are the subject of the motion to redact or seal.

(3) Filers should be aware that while previously unfiled records that are the subject of a motion to redact or seal and are submitted with that motion will be temporarily sealed as provided in Idaho Court Administrative Rule 32(i)(2), the motion will be publicly accessible.

(b) **Confidential Documents.**  Documents that are filed as attachments and are "confidential" as defined by Rule 2(j), including any document previously ordered sealed by the court, may be filed electronically only as follows:

(1) The document must be submitted as a separate document in the same envelope as the pleading or motion to which it pertains or, if necessary due to file size, in multiple envelopes in compliance with Rule 6.

(2) When submitting a confidential document, the filer must select the Filing Code "Confidential Document-IREFS 2(j)." When filed, the document will not be accessible to the public, but will be accessible to court staff and, where applicable, to certain governmental entities as authorized by law, court rule, or court order. The court will verify that documents submitted with this Filing Codes are confidential and, if they are not, the court may make the documents publicly accessible.

 *(Adopted April 15, 2019, effective July 1, 2019; amended December 18, 2024, effective January 1, 2025)*

**Source URL:** https://isc.idaho.gov/IREFS7

### I.R.E.F.S. 11. Manner of Filing

**(a)  Electronic filing.** A document will be considered filed when:

(1)  the document has been electronically submitted to the court's electronic filing system; and

(2)  the submission has been acknowledged and the document accepted for filing.

**(b)  Converting conventional filing to electronic format.** The court may digitize, record, scan, or otherwise reproduce a document that is filed conventionally into an electronic record, document, or image.

 *(Adopted April 15, 2019, effective July 1, 2019)*

**Source URL:** https://isc.idaho.gov/IREFS11\

### I.R.E.F.S. 12. Time of Filing

**(a)  File date.**

(1)  For purposes of filing by electronic transmission, a "day" begins at 12:01 a.m. and ends at midnight in the time zone where the court is located on the day the document must be filed. If electronic transmission of a document is submitted and received before midnight it will be considered filed on that day, unless that date is a Saturday, Sunday, or legal holiday, in which case it is deemed filed on the next available business day. For any questions of timeliness, the time and date registered by the electronic filing system will be determinative. For documents electronically filed, the date and time that the filer submits the electronic filing will serve as the filing date and time for purposes of meeting the statute of limitations or any other filing deadlines, even if placed into an error queue for additional processing.

(2)  If the document is accepted for filing, the date and time of filing entered in the register of actions relate back to the date and time the electronic filing system received the document. When the document is accepted for filing, the electronic filing system will affix the date and time of submission on the document as the date and time of filing of the document. When the document is accepted for filing, the electronic filing system will electronically notify the filer.

**(b)  Proposed orders.** A proposed order is not file-stamped unless it is signed by the judge after review.

 *(Adopted April 15, 2019, effective July 1, 2019)*

**Source URL:** https://isc.idaho.gov/IREFS12

viii

**I.R.E.F.S. 13. Request for Correction; Rejected Filing: Relief**

**(a)   Rejected Documents.** Documents that do not comply with this rule, or the requirements of the aforementioned Electronic Filing Guide or court policy, may be returned to the filer for correction. If the document is not corrected as requested within the time frame provided for in subsections (b) and (c) of this rule, the document will be deemed to have not been filed.

**(b)   Request for correction.** If a document submitted electronically for filing is not accepted, the electronic filing system will send notification to the filer that explains why the document was rejected or will describe an error or irregularity and request correction and resubmission by the filer.

**(c)   Resubmission of rejected filing; relief.** A filer who resubmits a document within 3 business days (excluding legal holidays) of the date of the request for correction under this section may request, as part of the resubmission, that the date of filing of the resubmitted document relate back to the date of submission of the original document to meet filing requirements. If the third day following request for correction is not a judicial day, then the filer may resubmit the filing with a request under this subsection on the next judicial day. A filer who resubmits a document under this subsection must copy the existing envelope and include in the "Comments to Court" field notification for an electronic resubmission the following words: "Resubmission of corrected filing, request filing relate back to _____, the date of original submission."

*(Adopted April 15, 2019, effective July 1, 2019)*

**Source URL:** https://isc.idaho.gov/IREFS13

**I.R.E.F.S. 15. Privacy Protections for Filings Made with the Court**

**(a)  Responsibility of filer.** It is the responsibility of the filer to ensure that protected personal data identifiers are omitted or redacted from documents before the documents are filed. This responsibility exists whether the documents are filed electronically or conventionally, and even if the filer did not create the document. The responsibility to redact also applies to documents that are initially exempt from disclosure but later become public pursuant to court rule. The clerk of the court will not review filings to determine whether appropriate omissions or redactions have been made. Counsel is strongly urged to share this information with all clients so that an informed decision about the inclusion of certain materials may be made.

**(b)  Personal data identifiers to be redacted.** Personal data identifiers should not be included in any document filed with the court unless such inclusion is required by the court, by statute or court rule, or is material to the proceedings. If the identifiers must be included, then the following personal data identifiers must be partially redacted from the document, including exhibits:

(1)   Social Security Numbers. If an individual's social security number must be included, only the last four (4) digits of that number are used.

(2)   Names of Minor Children. If the involvement of a minor child must be mentioned, only the initials of that child are used.

(3)   Dates of Birth. If an individual's date of birth must be included, only the year is to be used and the date specified in the following format: XX/XX/1998.

(4)   Financial Account Numbers. If financial account numbers are relevant, only the last four digits of these numbers are to be used and the number specified in substantially the following format: XXXXX1234.

(5)   Driver's License Numbers and State-Issued Personal Identification Card Numbers. If an individual's driver's license number or state issued personal identification card number must be referenced, only the last four digits of that number are to be used and the number specified in substantially the following format: XXXXX350F.

(6)   Employer or Taxpayer Identification Number. If an employer identification number or business' taxpayer identification number must be included, only the last four (4) digits of that number are used.

x

**(c)  Exceptions to redaction requirement.**

(1)  The redaction requirement does not apply to the record of a court, tribunal, administrative or agency proceeding if that record was filed before the effective date of this rule.

(2)  The redaction requirement does not apply to documents that are exempt from public disclosure pursuant to Idaho Court Administrative Rule 32.

(3)  The redaction requirement of an individual's date of birth does not apply to the defendant's date of birth on documents in criminal cases.

(4)  The redaction requirement of a minor's full name does not apply to documents related to a name change for the minor.

**(d)  Options when personal data identifiers are necessary.** A party filing a redacted document need not also file an unredacted version of the document; however, where inclusion of the unredacted personal data identifiers is required by the court, by statute or court rule, or is material to the proceedings in a document that is open to the public the party must choose the most appropriate option below:

(1)  File the redacted document together with a reference list that identifies each item of redacted information and specifies an appropriate identifier that uniquely corresponds to each item listed. The list must be clearly identified as a reference list filed pursuant to this rule and may be amended as of right. Any reference in the action to a listed identifier will be construed to refer to the corresponding item of information. The reference list is exempt from public disclosure pursuant to Idaho Court Administrative Rule 32; however, courts will share the reference list with other government agencies as required or allowed by law without court order or application for purposes of the business of those agencies.

(2)  File the redacted document together with an unredacted copy of the document. The unredacted copy must be clearly identified as an unredacted copy filed pursuant to this rule. The unredacted copy is exempt from public disclosure pursuant to Idaho Court Administrative Rule 32; however, courts will share the unredacted copy with other government agencies as required or allowed by law without court order or application for purposes of the business of those agencies.

Regardless of which option is selected, the filer must file the exempt from public disclosure document in compliance with Rule 6(b)(2)(B).

xi

**(e)  Unredacted document inadvertently submitted**. If an unredacted document is inadvertently submitted without a reference list or redacted copy, then the filer must submit a redacted copy as soon as possible. In the "Comments to Court" the filer must identify the original unredacted document, the date it was submitted, and request that the original unredacted document be marked as exempt from disclosure.

**(f)  Parties to use caution.** Parties should exercise caution when filing papers that contain private or confidential information, including, but not limited to, the information covered above and listed below:

(1)  Medical records, treatment and diagnosis;

(2)  Employment history;

(3)  Individual financial information;

(4)  Insurance information;

(5)  Proprietary or trade secret information;

(6)  Information regarding an individual's cooperation with the government; and

(7)  Personal information regarding the victim of any criminal activity.

**(g)  Sanctions.** Failure to comply with this rule is grounds for contempt. If a party knowingly publicly files documents that contain or disclose confidential information in violation of these rules, the court may, upon its own motion or that of any other party or affected person, impose sanctions against the filing party.

 *(Adopted April 15, 2019, effective July 1, 2019)*

**Source URL:** https://isc.idaho.gov/IREFS15

**I.C.A.R. 32. Records of The Judicial Department - Examination and Copying - Exemption From and Limitations on Disclosure.**

**(g)  Court records exempt from disclosure.**  Except as provided in paragraph (h) of this rule, court records specified below are exempt from disclosure.  Any willful or intentional disclosure or accessing of a sealed, shielded, or exempt court record, not otherwise authorized under this rule, may be treated as a contempt of court.

(1) Documents and records to which access is otherwise restricted by state or federal law;

(2) Pre-trial risk assessments and pre-sentence investigation reports, except as provided in Idaho Criminal Rule 32;

(3) Affidavits or sworn testimony and records of proceedings in support of the issuance of search or arrest warrant pending the return of the warrant;

(4) Unreturned search warrants;

(5) Unreturned arrest warrants, except bench warrants, or summonses in a criminal case, provided that the arrest warrants or summonses may be disclosed by law enforcement agencies at their discretion;

(A) An "arrest warrant" is a warrant issued for the arrest and detention of a defendant at the initiation of a criminal action.

(B) A "bench warrant" is a warrant issued for the arrest and detention of a defendant who has already appeared in a criminal action, and it would include a warrant issued for failure to appear at a hearing or trial, a warrant issued for violation of the conditions of release or bail, and a warrant issued for a probation violation.

(6) Unless otherwise ordered by the custodian judge, applications made and orders granted for the interception of wire, electronic or oral communications pursuant to Idaho Code § 18-6708, recordings of intercepted communications provided to the court, and reports made to the court regarding such interceptions under Idaho Code § 18-6708(7);

(7) Except as provided by Idaho Criminal Rules or statutes, records of proceedings and the identity of jurors of grand juries;

xiii

(8) Except as provided by the Idaho Criminal Rules or Idaho Rules of Civil Procedure, the names of jurors placed in a panel for a trial of an action and the contents of jury qualification forms and jury questionnaires for these jurors, unless ordered to be released by the presiding judge;

(9) Juvenile court records as hereinafter provided:

(A) All court records of Child Protective Act proceedings.

(B) In Juvenile Corrections Act cases filed before July 1, 2017, all court records of Juvenile Corrections Act proceedings on a petition filed under I.C. § 20-510 pending an admit/deny hearing held pursuant to Rule 6, I.J.R. to permit the parties to request that the court consider, or permit the court to consider on its own motion, closing the records and files. Thereafter the court records shall be open unless the court enters an order exempting them from disclosure.  At the admit/deny hearing the court shall determine whether the court records shall remain exempt from disclosure as provided in 1. and 2. below:

1. Court records of Juvenile Corrections Act proceedings brought against a juvenile under the age of fourteen (14), or brought against a juvenile fourteen (14) years or older who is charged with an act that would not be a felony if committed by an adult, shall be exempt from disclosure if the court determines by a written order in each case that the records should be closed to the public.

2. Court records of Juvenile Corrections Act proceedings brought against a juvenile fourteen (14)years or older who is charged with an act which would be a felony if committed by an adult, shall be exempt from disclosure if the court determines upon a written order made in each case that extraordinary circumstances exist which justify that the records should be confidential.  If the juvenile is not found to have committed an act which would be a felony if committed by an adult or the charge is reduced to allege an act which would not constitute a felony if committed by an adult, all existing and future case records and documents shall be exempt from disclosure if the court determines by written order in each case that the court records should be closed to the public.

(C) In Juvenile Corrections Act cases filed on or after July 1, 2017, all court records of Juvenile Corrections Act proceedings on a petition filed under I.C. § 20-510 except as provided in 1, 2, and 3 below:

xiv

1. The court may release juvenile court records if the court finds, upon motion by the prosecuting attorney, interested party, or other interested persons, that the public's interest in the right to know outweighs the adverse effect of the release of the records on the juvenile's rehabilitation and competency development. In making this decision, the court may consider the following factors:

     a. Age of the juvenile;
     b. Seriousness of the offense;
     c. Whether the offense deals with persons or property;
     d. Prior record of the juvenile;
     e. The juvenile's risk to reoffend; and
     f. The impact on the victim or victims.

2. The following individuals or entities may inspect juvenile court records without a court order unless otherwise prohibited by law:

     a. Probation officers;
     b. Law enforcement officers;
     c. The Department of Juvenile Corrections;
     d. The Department of Correction;
     e. The Department of Health and Welfare pursuant to its statutory responsibilities in title 16, chapter 16; title 16, chapter 24; or title 20, chapter 5, Idaho Code.

3. The victim of misconduct is entitled to receive:

     a. The name, address and telephone number of the juvenile offender involved;
     b. the name of the juvenile offender's parents or guardians, and their addresses and telephone numbers;
     c. The petition, the decree, and orders of restitution;
     d. Any other information as provided in title 19, chapter 53, Idaho Code.

(D) Notwithstanding any other provision of paragraph (g)(9) of this rule, reports prepared pursuant to I.C. § 20-520(1), and other records and reports described in paragraph (g)(17) of this rule are exempt from disclosure.

(E) Notwithstanding any other provision of paragraph (g)(9) of this rule, the court shall make available upon the written request of a superintendent or an employee of the school district authorized by the board of trustees of the school district, the facts contained in any records of a juvenile maintained under Chapter 5, Title

xv

20,Idaho Code.  If a request is made to examine records in courts of multiple districts, it shall be ruled upon by the Chief Justice.

(10) All records of proceedings relating to hospitalizations pursuant to Idaho Code sections, 66-326, 66-329, 66-406, 16-2413, 16-2414, 56-2104 and 56-2105. Provided, the court may disclose these records when consented to by the person identified or his or her legal guardian, or the parent if the individual is a minor. The court in its discretion may make such records available to the spouse, or the immediate family of the person who is the subject of the proceedings;

(11)  A uniform citation (the citation only, not the case type); however courts may share the citation with federal, state and local officials or their agents in the exercise of their official duties and powers;

(12) Adoption records and records of proceedings to terminate the parent and child relationship under Chapter 20 of Title 16, Idaho Code, except that an adopted person or a child whose parental rights were terminated may obtain non-identifying medical information in all cases, and the court may also in its discretion make information from the records available, upon such conditions as the court may impose, to the person requesting the record, if the court finds upon written verification of a medical doctor a compelling medical need for disclosure;

(13) All records of proceedings relating to the consent required for abortion for minors brought pursuant to I.C. 18-609A(1) or (3);

(14) All records of proceedings relating to the judicial authorization of sterilization procedures pursuant to I.C. 39-3901;

(15) Documents filed or lodged with the court in camera;

(16) Protection order petitions and related records, maintained pursuant to either the domestic violence crime prevention act or chapter 79, title 18 of the Idaho Code, except orders of the court;

(17) Records maintained by a court that are gathered at the request or under the auspices of a court (other than records that have been admitted in evidence);

(A) to determine an individual's need for counseling, rehabilitation, treatment or assistance with personal conflicts;

(B) to assist in assigning an appropriate disposition in the case, including the ADR screening report and screening reports prepared by Family Court Service Coordinators or their designees;

(C) to provide the court with a recommendation regarding the custody of minor children;

(D) to provide a court with a psychological evaluation of an individual;

(E) to provide annual or other accountings by conservators and guardians, except to interested parties as defined by Idaho law;

(F) to provide personal or identifying information on individuals for internal court use, including case information sheets filed pursuant to Idaho Rule of Civil Procedure 3(d) or Idaho Rule of Family Law Procedure 201, and victim information/restitution sheets.

(18) A reference list of personal data identifiers or an unredacted copy of a document filed pursuant to Idaho Rule of Electronic Filing and Service 15, Idaho Rule of Civil Procedure 2.6 or Idaho Rule of Family Law Procedure 218; however, courts will share the reference list or unredacted copy with other government agencies as required or allowed by law without court order or application for purposes of the business of those agencies.

(19) All  court filings, including attachments, in guardianship or conservatorship proceedings whether temporary or permanent, and in proceedings involving a protective arrangement under I.C. § 15-5-409, and whether for an adult, a minor, or a developmentally disabled person, except to interested persons as defined in section 15-1-201, Idaho Code, guardians ad litem, court visitors, or any monitoring entity as defined by Idaho law, or any attorney representing any of the foregoing; provided, however, the following shall not be exempt from disclosure:

(A)  the register of actions for the case;

(B)  letters of guardianship and letters of conservatorship, and any supplemental orders, decrees or judgments describing, limiting, or expanding the rights and duties of the guardian or conservator;

(C) any order by the court regarding bond by a conservator, and the conservator's bond ;

(D) any order, decree, or judgment dismissing, concluding, or otherwise disposing of the case.

(20) The records in cases involving child custody, child support, and paternity, except that officers and employees of the Department of Health and Welfare shall be able to examine and copy such records in the exercise of their official duties. Other exceptions to this rule are that the register of actions shall be available to the public, and a redacted copy of any order, decree or judgment issued in the case shall be available to the public. However, no redacted copy of any order, decree or judgment must be prepared until there is a specific request for the document. Provided further that any person may request that the court make other records in the case available for examination and copying. Any individual may make the request by filing a court-provided form. When the court receives such a request, it shall promptly review the records in the case and shall make the records available except for those records or portions of records that allege abuse, abandonment or neglect of a child, or which the court determines would inflict undue embarrassment to or put at risk a person referenced in the record who was a child at the time of the filing of the record, or which are exempt from disclosure under other provisions of Supreme Court rules.

    This subsection (g)(20) shall apply only to records in cases filed on or after July 1, 2012, and to records in cases in which a motion to modify an order, decree or judgment was filed on or after July 1, 2012.

(21) Records of judicial work product or drafts, including all notes, e-mail, memoranda or drafts prepared by a judge or a court-employed attorney, law clerk, legal assistant or secretary;

(22) Personnel records, application for employment and records of employment investigations and hearings, including, but not limited to, information regarding sex, race, marital status, birth date, home address, telephone number, applications, testing and scoring materials, grievances or complaints against an employee, correspondence, and performance evaluations; provided the following are not exempt from disclosure: a public official's public service or employment history, classification, pay grade and step, longevity, gross salary and salary history, status, workplace, employing agency, and any adverse official action taken against an

xviii

employee as a result of a grievance or complaint (except a private letter of reprimand), and after such action is taken (except when the action is a private letter of reprimand), the record of any investigation and hearing leading to the action;

(23) Applications, testing and scoring to be included on a court maintained roster;

(24) Computer programs and related records, including but not limited to technical and user manuals, which the judicial branch has acquired and agreed to maintain on a confidential basis;

(25) Records maintained by the state law library that link a patron's name with materials requested or borrowed in the patron's name with a specific subject about which the patron has requested information or materials;

(26) Allegations of attorney misconduct received by the Idaho State Bar and records of the Idaho State Bar relating to attorney discipline, except where confidentiality is waived under the Idaho Bar Commission Rules;

(27) All records relating to applications for permission to take the Idaho bar examination or for admission to practice as exempted from disclosure in the Idaho Bar Commission Rules;

(28) All records and records of proceedings, except the identity of applicants for appointment to judicial office, of the Idaho Judicial Council or any District Magistrates Commission pertaining to the appointment, performance, removal, disability, retirement or disciplining of judges or justices. Provided, however, that the record of a disciplinary proceeding filed by the Judicial Council in the Supreme Court loses its confidential character upon filing;

(29) Pending grant applications and attachments submitted to the Guardian Ad Litem Grant Review Board for consideration of grant funding authorized under Title 16, Chapter 16, Idaho Code.  Provided, however, such applications and attachments will no longer be exempt following the Board's consideration of all applications and the Supreme Court's awarding of grant funds.

**(h)  Permissive Release of Judicial Decision in Exempted** Categories. Records of courts' determinations in proceedings exempt from disclosure under (g) of this rule may, by direction of the court issuing the determination, be subject to inspection, examination and copying in a manner that preserves the anonymity of the participants to the proceeding. In particular, the Supreme Court and the

Court of Appeals may provide copies of their rulings in appeals from proceedings exempt from disclosure under paragraph (g) by using "John Doe/Jane Doe" designations or other anonymous designations in documents made available for inspection, examination and copying. Further deletions from the decisions may be made if necessary to preserve anonymity.

**(i) Redaction and Sealing of Court Records.**

(1) Filing a motion. Parties to a case, or non-parties whose rights are affected by or who otherwise have a right to access information contained in a court file, may move to redact, disclose, seal, or unseal records in a case file. The court at its own discretion may also move to redact, disclose, seal, or unseal records in a case file in accordance with this rule.

(2) When a hearing must be held. When a motion is filed under this rule, the court shall hold a hearing on the motion if one is requested by a party to the case, or if one is requested by a non-party whose rights are affected. The court may also hold a hearing at its own discretion. The court is not required to hold a hearing if the court concludes redaction is necessary to prevent the disclosure of personal data identifiers under subsection (i)(3)(A)(7) of this rule.

(A) If the motion seeks to redact or seal newly filed records, the records will be temporarily sealed for seven days. In those seven days, the court will review the motion and records to decide if they should remain temporarily sealed. The court may order the records to remain temporarily sealed pending a decision on the motion if the records appear to contain information that falls under subsection (i)(3) of this rule. Any order to continue the temporary sealing must be in writing and identify the applicable provisions of subsection (i)(3) of this rule. The written order will be publicly available.

(B) If the motion seeks to redact or seal previously filed records, the court at its discretion may temporarily seal the records pending a hearing or a final decision, utilizing the same criteria and requirements contained above with regard to temporarily sealing newly filed records.

(C) An order to redact or seal records may be challenged by a non-party whose rights may be affected by the decision.

(3) Orders to redact or seal. Consistent with the presumption in these rules of public access to information, when entering an order redacting or sealing records

xx

in a case file, a court must fashion the least restrictive exception from disclosure and provide the reason for the redaction or sealing.

(A) Prior to entering an order redacting or sealing records, the court must make one or more of the following determinations:

1. The records contain highly intimate facts or statements, the publication of which would be highly objectionable to a reasonable person.

2. The records contain facts or statements that the court finds might be libelous.

3. The records contain facts or statements that may compromise a person's financial security or could reasonably result in economic or financial loss or harm to a person who has an interest in the records.

4. The records contain facts or statements that could compromise the security of Judicial Branch personnel, property, or sealed or exempt court records maintained by the Judicial Branch.

5. The records contain facts or statements that might endanger a person's life or safety.

6. That it is necessary to temporarily seal or redact the records to preserve the right to a fair trial.

7. The records contain personal data identifiers that should have been redacted pursuant to Idaho Rule of Electronic Filing and Service 15, Idaho Rule of Civil Procedure 2.6, or Idaho Rule of Family Law Procedure 218.

(B) Regardless of whether a motion is filed or a hearing occurs, no record can be redacted or sealed (aside from presentence investigation reports) unless the court first enters a written order that includes the determinations made under subsection (i)(3)(A) above. The order must specifically identify the records to be redacted or sealed, and a copy of the order must be served on the Clerk of the District Court. The order shall remain publicly available and subject to examination, inspection or copying by the public, but should not reveal the content of the information protected from disclosure.

(C) When a record is redacted under this rule, the original, unaltered record must be preserved under seal. A redacted copy, so marked, shall be substituted for the original in the court file and only the redacted copy shall be subject to examination, inspection or copying by the public.

(D) When a record is sealed under this rule, it shall not be subject to examination, inspection or copying by the public except as otherwise provided in these rules.

(E) Presentence investigation reports are presumptively sealed as described in Idaho Criminal Rule 32 and unless a court orders otherwise, may only be disclosed in the manner identified by that rule. No order or hearing is required to seal a presentence investigation report.

(4) Orders to unredact or unseal.

(A) In any order removing redactions or unsealing records, the court must explain its reasoning for the decision. Those reasons may include, but are not limited to:

1. A determination that none of the factors listed under subsection (i)(3)(A) preclude release of the records.

2. A determination that release is permitted elsewhere in court rule, including other subsections of Idaho Court Administrative Rule 32.

The order must also specifically identify the records to be changed, and a copy of the order must be served on the Clerk of the District Court.

(B) When the court issues an order for a limited disclosure of records that will otherwise remain sealed or exempt from disclosure, its order shall contain appropriate limitations on disseminating the disclosed information.

(5) Filing under seal. Sealed records and records requested to be redacted or sealed must be filed in compliance with Idaho Rules for Electronic Filing and Service 5, 6, and 7 if they are filed electronically.

(6) Changes to orders. The court may reconsider, alter, or amend any order issued under the provisions of this rule at any time.

(7) Provisions concerning exempt records. Exempt records are different than sealed or redacted records and are addressed in Idaho Court Administrative Rule 32(f) and (g). Access to records otherwise exempt from disclosure is addressed in Idaho Court Administrative Rule 32(c) and (h).

(Repealed in its ENTIRETY April 27, 2007, NEW Rule 32 adopted April 27, 2007;effective July 1, 2007, amended and effective February 1, 2009; amended March 18, 2011, effective July 1, 2011; amended February 9, 2012, effective July 1, 2012; amended October 5, 2013, effective January 1, 2014; amended November 25, 2013, effective January 1, 2014; amended April 2, 2014; effective July 1, 2014; amended April 2, 2015, effective April 15, 2015; amended May 7, 2015, effective July 1, 2015; amended April 12, 2016, effective July 1, 2016; amended November 14, 2016, effective November 22, 2016; amended June 30, 2017, effective July 1, 2017; amdended May 14, 2019; effective July 1, 2019; amended May 4, 2020; effective July 1, 2020; amended March 9, 2023, effective April 1, 2023; amended March 30, 2023, effective May 1, 2023; amended December 21, 2023, effective January 1, 2024; amended September 30, 2024, effective October 1, 2024; amended September 13, effective January 1, 2025; amended Decemer 9, effective January 1, 2025; amended December 17, effective January 1, 2025; amended April 23, 2025, effective April 23, 2025.)

**Source URL:** https://isc.idaho.gov/icar32

*Note: I.C.A.R. 32 is lengthy and therefore only the sections referenced in the brief are quoted in this Addendum. The full version of the Rule is available at the source listed above.*

## I.C.A.R. 33. Withdrawal of Files.

No paper, record or file in any action or proceeding shall be removed from the custody of the clerk except that such papers, records and files may be withdrawn for the use of the court.

(Adopted December 2, 2015, effective July 1, 2016.)

**Source URL:** https://isc.idaho.gov/icar33

## I.R.C.P. 2.6. Privacy Protection for Filings Made with the Court

**(a) Responsibility of Filer.** It is the responsibility of the filer to ensure that protected personal data identifiers are omitted or redacted from documents before the documents are filed. This responsibility exists whether the documents are filed electronically or conventionally, and even if the filer did not create the document. The responsibility to redact also applies to documents that are initially exempt from disclosure but later become public pursuant to court rule. The clerk of the court will not review filings to determine whether appropriate omissions or redactions have been made.

**(b) Personal Data Identifiers to be Redacted.** Personal data identifiers should not be included in any document filed with the court unless such inclusion is required by the court, by statute or court rule, or is material to the proceedings. If the identifiers must be included, then the following personal data identifiers must be partially redacted from the document, including exhibits:

(1) Social Security Numbers. If an individual's social security number must be included, only the last four (4) digits of that number are used

(2) Names of Minor Children. If the involvement of a minor child must be mentioned, only the initials of that child are used.

(3) Dates of Birth. If an individual's date of birth must be included, only the year is to be used, and the date specified in the following format: XX/XX/1998.

(4) Financial Account Numbers. If financial account numbers are relevant, only the last four digits of these numbers are to be used, and the number specified in substantially the following format: XXXXX1234.

(5) Driver's License Numbers and State-Issued Personal Identification Card Numbers. If an individual's driver's license number or state issued personal identification card number must be referenced, only the last four digits of that number are to be used and the number specified in substantially the following format: XXXXX350F

(6) Employer or Taxpayer Identification Number. If an employer identification number of business' taxpayer identification number must be included, only the last four (4) digits of that number are used.

**(c) Exceptions to Redaction Requirement.**

(1) The redaction requirement does not apply to the record of a court, tribunal, administrative or agency proceeding if that record was filed before the effective date of this rule.

(2) The redaction requirement does not apply to documents that are exempt from disclosure pursuant to Idaho Court Administrative Rule 32.

(3) The redaction requirement of a minor's full name does not apply to documents related to a name change for the minor.

**(d) Options When Personal Data Identifiers are Necessary.** A party filing a redacted document need not also file an unredacted version of the document; however, where inclusion of the unredacted personal data identifiers is required by the court, by statute or court rule, or is material to the proceedings in a document that is open to the public the party must choose the most appropriate option below:

(1) File the redacted document together with a reference list that identifies each item of redacted information and specifies an appropriate identifier that uniquely corresponds to each item listed. The list must be clearly identified as a reference list filed pursuant to this rule and may be amended as of right. Any reference in the case to a listed identifier will be construed to refer to the corresponding item of information. The reference list is exempt from disclosure pursuant to Idaho Court Administrative Rule 32; however, courts will share the reference list with other government agencies as required or allowed by law without court order or application for purposes of the business of those agencies.

(2) File the redacted document together with an unredacted copy of the document. The unredacted copy must be clearly identified as an unredacted copy filed pursuant to this rule. The unredacted copy is exempt from disclosure pursuant to Idaho Court Administrative Rule 32; however, courts will share the unredacted copy with other government agencies as required or allowed by law without court order or application for purposes of the business of those agencies.

**(e) Unredacted document inadvertently submitted.** If an unredacted document is inadvertently submitted without a reference list or redacted copy, then the filer must submit a redacted copy as soon as possible. The filer must also identify the original unredacted document, the date it was submitted, and request that the original unredacted document be marked as exempt from disclosure.

**(f) Parties to Use Caution.**  Parties should exercise caution when filing papers that contain private or confidential information, including, but not limited to, the information covered above and listed below:

(1) Medical records, treatment and diagnosis;

(2) Employment history;

(3) Individual financial information;

(4) Insurance information;

(5) Proprietary or trade secret information;

(6) Information regarding an individual's cooperation with the government; and

(7) Personal information regarding the victim of any criminal activity.

**(g) Sanctions.**  Failure to comply with this rule is grounds for contempt. If a party knowingly publicly files documents that contain or disclose confidential information in violation of these rules, the court may, upon its own motion or that of any other party or affected person, impose sanctions against the filing party.

**(h) Privacy Protections in Orders, Judgments, and Decrees.**
 (1) If possible, the court must refrain from including in a court order, judgment, or decree the personal data identifiers set forth in subsection (b) of this rule. If unredacted personal data identifiers are required by statute or court rule, or are material to the proceedings and must be included in an order, judgment, or decree that is open to the public then the unredacted document will be protected from public access. Copies of the unredacted document must be served on the parties and must be available to the parties and other government agencies without court order for purposes of the business of those agencies. A redacted copy of the order, judgment or decree must be available to the public; however, no redacted copy of any order or judgment must be prepared until there is a specific request for the document, in which case the document must be redacted in the manner specified in subsection (b) of this rule.

(2) Exceptions. The court may include unredacted personal data identifiers in documents that are exempt from disclosure pursuant to Idaho Court Administrative Rule 32.

*(Adopted March 1, 2016, effective July 1, 2016 [1]; Repealed and new rule effective July 1, 2019 [2].)*

**Source URL:** https://isc.idaho.gov/ircp2.6-new