U.S. Court of Appeals Docket No. 24-6697

---

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

---

COURTHOUSE NEWS SERVICE,

*Plaintiff/Appellee*,

vs.

SARA OMUNDSON, in her official capacity as
Administrative Director of Idaho Courts,

*Defendant/Appellant.*

---

On Appeal from a Decision of the United States District Court
For the District of Idaho
Case No. 1:21-cv-00305-DCN
The Honorable David C. Nye

---

## MOTION OF APPELLEE COURTHOUSE NEWS SERVICE FOR LEAVE TO TRANSMIT NATIVE EXCEL FILES AS PHYSICAL EVIDENCE

---

Roger Myers
Rachel Matteo-Boehm
Jonathan Fetterly
Katherine Keating
**BRYAN CAVE LEIGHTON PAISNER LLP**
3 Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
roger.myers@bclplaw.com; rachel.matteo-boehm@bclplaw.com;
jon.fetterly@bclplaw.com; katherine.keating@bclplaw.com

*Attorneys for Plaintiff-Appellee*
COURTHOUSE NEWS SERVICE

Pursuant to Circuit Rule 27-14, Plaintiff-Appellee Courthouse News Service ("CNS") respectfully moves for an order granting leave to submit two Excel spreadsheet files that CNS submitted to the district court in native format.  See **Exhibit 1**.  CNS submitted each of these files as exhibits to declarations filed in support of its motion for summary judgment (6-ER-1332), and in opposition to Appellant's motion for summary judgment (3-ER-524), and each file is currently referenced in the Excerpts of Record by an exhibit slip sheet filed in the district court indicating "Excel spreadsheet submitted in native form on flash drive."  *See* 4-ER-652 (Ex. 1 to Decl. of Jonathan Fetterly); 7-ER-1394 (Ex. 1 to Decl. of Jimmy Shimabukuro).  Despite being referenced in the appellate record, the native Excel files are not currently in record and cannot be unless transmitted as physical evidence on a flash drive.  CNS files this motion so this Court can have a complete record, and because CNS cites the native spreadsheets in its Answering Brief and includes them in the Supplemental Excerpts of Record.[1]  *See* SER-172, 173.

Pursuant to Local Rule 27-1, CNS' counsel conferred with Appellant's counsel on May 16 and 19, 2025, who said Appellant will not oppose this motion, as described in the attached Declaration of Jonathan G. Fetterly.

---

[1] CNS submitted to the district court a third spreadsheet in native file format, 7-ER-1438, (Ex. 1 to Decl. of Adam Angione), which is not included in this motion because the salient portions of that spreadsheet could be – and were – filed as separate exhibits in .PDF form.  *See* 7-ER-1439-1479.

<u>**MEMORANDUM IN SUPPORT OF MOTION**</u>

A party may seek leave to transmit to the Court a copy or replication of an exhibit if the party asserts that review of an exhibit not currently available on the electronic docket is necessary to resolution of an issue on appeal.  Ninth Cir. R. 27-14.  The conditions warranting such leave of court are present here.

CNS seeks leave to transmit to the Court two native Excel files that were submitted to the district court on a flash drive and are not currently available on the electronic docket.  *See* Exhibit 1.  The native Excels files are referenced on the district court's electronic docket, and in the Excerpts of Record, as follows:

| District Court ECF No. | Description | Slip Sheet Reference in Excerpts of Record |
|---|---|---|
| 67-1 at 7 | Exhibit 1 to Declaration of Jonathan G. Fetterly | SER-7 |
| 61-3 at 9 | Exhibit 1 to Declaration of Jimmy Shimabukuro | 7-ER-1394 |

CNS submitted these native Excel files to the district court in support of its motion for summary judgment as evidence demonstrating the nature and extent of the delays in access to new civil complaints giving rise to this action.  As explained in its concurrently-filed Answering Brief, CNS brought this lawsuit to address ongoing and material delays in access to newly filed, non-confidential civil complaints filed with the Idaho courts.  12-ER-2772.  CNS sought declaratory and injunctive relief under 42 U.S.C. § 1983 and the First Amendment to address

2

Appellant's policy of restricting access to new civil complaints until after competition of administrative processing by court clerks, which caused the access delays. 12-ER-2786.

This appeal arises from the district court's order granting CNS's motion for summary judgment and denying Appellant's motion for summary judgment. 1-ER-3. Both parties submitted as evidence in support of and/or in opposition to the motions for summary judgment spreadsheets containing detailed data about the complaints at issue that were e-filed throughout Idaho from January 1, 2021 through July 31, 2022, including when each was submitted to the court, when each was reviewed, and if and when each was ultimately made available to the public. 7-ER-1429-31 (¶¶ 4-13), 9-ER-2123-24, 10-ER-2132-2414. Both parties used this data to analyze delays in access to the complaints at issue during this period. *Id*.

The two native Excel spreadsheet files submitted by CNS are necessary to resolution of issues on appeal because they are the evidence establishing the delays in access resulting from Appellant's "no-access-before-process" policy upon which CNS bases its claim and entitlement to relief. Each spreadsheet serves a different function warranting submission in its native format.

**Ex. 1 to Decl. of Jonathan G. Fetterly (7-ER-1394).** This is the original Excel spreadsheet produced by Appellant, Bates-labeled SO 5708 ("Complaint Data Spreadsheet"). Ex. 2, at ¶ 2. This spreadsheet contains the source data used

3

by CNS to calculate the delays in access for complaints submitted from January 1, 2021 through July 31, 2022. *Id*. at ¶¶ 2, 3. This spreadsheet cannot be legibly produced in .PDF format.

**Ex. 1 to Decl. of Jimmy Shimabukuro (7-ER-1394).** This spreadsheet uses the data from the Complaint Data Spreadsheet to calculate the delays in access by measuring the lapse in time between when the complaints were submitted to the court and when they were made available to the public. 7-ER-1387-1390 (¶¶ 6-10). As explained by Mr. Shimabukuro, the data and calculations in this spreadsheet can be filtered by year and by court using drop-down menus as illustrated in the following graphic:

7-ER-1390-1393 (¶¶ 11-15).

Although the electronic record currently includes screenshots of this spreadsheet depicting calculations that were derived using this filtering functionality, *id*. at 1395-1426, those screenshots are only a representative sample of the data and calculations available to the Court in the native file. Reproducing in .PDF format every permutation of data that can be displayed using this spreadsheet would be unreasonably voluminous.

4

For instance, if the Court wanted to see the delay calculations filtered to display Ada County filings in 2021 (measured in court days) across the whole year and broken down by month, it could use the drop-down menus on the "Calculation (court days)" tab and the spreadsheet would show the following:

**Year:** 2021

**Court Name:** Ada

| Total Cases (Submitted vs. Create Document Date) | | |
|---|---|---|
| Cateory | # of cases | Percent of Total |
| Zero Delay | 782 | 55.66% zero delay |
| One Day Delay | 536 | 38.15% one day delay |
| Two+ Days Delay | 87 | 6.19% two or more days delay |
| Total Cases | 1405 | |

| Breakdown of delay per month (by percentage) in court days | | | | |
|---|---|---|---|---|
| Month Filed | Total cases | Zero delay | One day delay | Two or more days delay |
| January | 118 | 66.10% | 33.90% | 0.00% |
| February | 118 | 73.73% | 26.27% | 0.00% |
| March | 136 | 69.12% | 30.88% | 0.00% |
| April | 119 | 73.95% | 26.05% | 0.00% |
| May | 108 | 72.22% | 27.78% | 0.00% |
| June | 114 | 70.18% | 28.95% | 0.88% |
| July | 123 | 74.80% | 25.20% | 0.00% |
| August | 104 | 29.81% | 67.31% | 2.88% |
| September | 138 | 45.65% | 45.65% | 8.70% |
| October | 124 | 45.16% | 45.97% | 8.87% |
| November | 110 | 16.36% | 47.27% | 36.36% |
| December | 93 | 18.28% | 60.22% | 21.51% |

Similarly, if the Court wanted to see the delay calculations filtered to display Canyon County filings in 2021 (measured in court days) across the whole year and broken in down by month, it could use the drop-down menus on the same tab and the spreadsheet would show the following:

5

**Year:** 2021

**Court Name:** Canyon

| Total Cases (Submitted vs. Create Document Date) | | |
|---|---|---|
| Cateory | # of cases | Percent of Total |
| Zero Delay | 340 | 53.71% zero delay |
| One Day Delay | 232 | 36.65% one day delay |
| Two+ Days Delay | 61 | 9.64% two or more days delay |
| Total Cases | 633 | |

| Breakdown of delay per month (by percentage) in court days | | | | |
|---|---|---|---|---|
| Month Filed | Total cases | Zero delay | One day delay | Two or more days delay |
| January | 41 | 65.85% | 31.71% | 2.44% |
| February | 63 | 52.38% | 39.68% | 7.94% |
| March | 71 | 43.66% | 45.07% | 11.27% |
| April | 64 | 35.94% | 50.00% | 14.06% |
| May | 48 | 47.92% | 47.92% | 4.17% |
| June | 50 | 78.00% | 22.00% | 0.00% |
| July | 68 | 73.53% | 26.47% | 0.00% |
| August | 51 | 76.47% | 23.53% | 0.00% |
| September | 41 | 73.17% | 26.83% | 0.00% |
| October | 55 | 49.09% | 36.36% | 14.55% |
| November | 43 | 34.88% | 55.81% | 9.30% |
| December | 38 | 7.89% | 28.95% | 63.16% |

The Court can use this native Excel spreadsheet to calculate and display the access delays for any county in either 2021 or 2022, measured in either calendar days or court days. 7-ER-1390-1393 (¶¶ 11-15). This information was available to the district court for use when ruling on the parties' motions for summary judgment, and it should be available to this Court as well.

## CONCLUSION

CNS respectively requests that the Court grant this motion, and grant CNS leave to submit the two native Excel files identified above on a flash drive, in the same manner they were previously submitted to the district court. CNS can and

6

will prepare a duplicate copy of the flash drive for Appellant's counsel, and will

prepare and submit to this Court as many copies of the flash drive as the Court may

require.

Dated:  May 21, 2025          BRYAN CAVE LEIGHTON PAISNER LLP

                              By: _/s/ Rachel Matteo-Boehm_
                                    Rachel Matteo-Boehm

                              Attorneys for Plaintiff-Appellee
                              Courthouse News Service

## DECLARATION OF JONATHAN G. FETTERLY

I, Jonathan G. Fetterly, declare:

1.     I am an attorney duly licensed to practice law in the State of California and in the Ninth Circuit Court of Appeals and am a partner with the law firm Bryan Cave Leighton Paisner LLP, attorneys for Appellee Courthouse News Service.  I make this declaration of my own personal knowledge, and if called as a witness, I could and would testify competently to the facts stated herein.

2.     Attached as **Exhibit 1** is a true and correct copy of the letter dated April 27, 2023, counsel for Appellant transmitted to the district court enclosing the flash drives containing the native Excel file spreadsheets at issue.

3.     On May 16 and 19, 2025, I communicated via email with Keely Duke and Molly Mitchell, attorneys for Appellant Sara Omundson, and informed them that CNS intended to file a motion to transmit two of the native excel files filed by CNS in support of its motion for summary judgment (i.e., ECF Nos. 61-3 and 61-4 as physical evidence pursuant to Circuit Rule 27-14.  Ms. Mitchell said that Appellant would not oppose this motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California, on May 21, 2025.

                    _s/ Jonathan G. Fetterly_
                    Jonathan G. Fetterly

# Exhibit 1



**Keely E. Duke**
ked@dukeevett.com

April 27, 2023

**<u>VIA HAND DELIVERY</u>:**

United State District Court for the District of Idaho
ATTN: Bennett Briggs
550 West Fort Street
Boise, ID 83724

      **Re:**    ***Courthouse News Service v. Omundson***
             ***Case No.: 1:21-CV-00305-DCN***
             DSH File: 14-405

Dear Bennett:

      Enclosed you will find a flash drive that contains the various excel spreadsheets the parties submitted in support of, and/or in opposition to the Motions for Summary Judgment (Dockets 60-19, 61-3, 61-4, 67-1 and 75-13). There are two folders, one for CNS and one for OMUNDSON, and each file is marked with the corresponding docket number for ease of reference.

      If you have any questions or concerns, please let us know. Thank you.

                         Sincerely,

                         Keely E. Duke

KED/sls
cc: Katherine Keating
Enclosures