No. 24-6697

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

COURTHOUSE NEWS SERVICE,

*Plaintiff-Appellee*, v.

SARA OMUNDSON,

*Defendant-Appellant*.

On Appeal from the United States District Court
for the District of Idaho
No. 1:21-CV-00305-DCN
Hon. David C. Nye Presiding

## APPELLANT SARA OMUNDSON'S
## OPPOSITION TO MOTION FOR LEAVE
## TO FILE AMICUS CURIAE BRIEF

Keely E. Duke
Molly E. Mitchell
Duke Evett, PLLC
1087 West River Street, Suite 300,
Boise, ID 83702
Telephone (208) 342-3310
Email: ked@dukeevett.com;
mem@dukeevett.com

*Attorneys for Appellant Sara Omundson*

## INTRODUCTION

The Reporters Committee for Freedom of the Press and twenty-three (23) Media Organizations (collectively "Petitioner") asks this Court to permit it to file an amicus curiae brief in support of Appellee Courthouse News Service ("CNS"). The Reporters Committee for Freedom of the Press advocates for the First Amendment and newsgathering rights of the press and the other media organizations report news to the public. The Petitioner's amicus position is that "[p]rompt access to judicial hearings and records is essential for journalists, in their role as 'surrogates for the public,' to gather information and keep the public informed about court cases of public interest." Dkt. 34.2 at 3. It is from this perspective that they write to re-emphasize the alleged public interest in this case, which seeks access to civil complaints that have not yet been reviewed by a clerk and accepted for filing and thus have not yet initiated judicial proceedings. The Petitioner's motion for leave to file an amicus curiae brief should be denied for at least three reasons.

First, the Court has broad discretion to deny the motion for leave to file an amicus brief if the brief offers no additional legal or substantive information that would be helpful to the Court. Accepting such a brief dilutes the value of the amicus curiae participation, clutters the record, and consumes judicial resources without advancing the Court's understanding of the issue.

Second, the Petitioner failed to introduce a unique legal perspective in its

amicus brief, and merely reiterates the argument already made by CNS. The purpose of an amicus brief is to aid the Court by providing new information, perspective, or expertise that the parties are unable or unlikely to present to the Court. When an amicus brief merely mirrors a party's argument, it undermines the principle that the amici should assist the court. The amicus process is intended to advance the Court's understanding of the issues, and should not be used as a tool that merely increases advocacy volume for one side.

Third, because the Petitioner's brief is duplicative in nature, it is unfairly prejudicial to Appellant Sara Omundson ("Omundson"). Omundson is limited to 7,000 words in responding to CNS's brief (13,960 words). Having to devote limited briefing space to duplicative and repetitive arguments raised in Petitioner's brief (4,874 words) is unfairly prejudicial to her. The use of the amicus brief as a strategic tool to bolster one party's argument through repetition undermines fairness.

For these reasons, Omundson respectfully requests that the Court deny the motion for leave to file an amicus brief.

## **ARGUMENT**

**A.    Petitioner's motion should be the amicus brief offers no new perspective on a matter of public interest, does not meaningfully supplement the efforts of counsel, and does not provide relevant case law that has escaped consideration.**

The privilege of being heard as a prospective amicus participant rests in the broad discretion of the Court. *See Miracle v. Hobbs*, 333 F.R.D. 151, 156 (D. Ariz.

2019). When exercising this discretion, the Court should consider the role of Amici, which is threefold: "(1) to aid in a matter of general public interest; (2) to supplement efforts of counsel; and (3) to highlight relevant law that has escaped consideration." *Id.* (citing *Miller-Wohl Co. v. Comm'r of Labor & Indus., State of Montana*, 694 F.2d 203, 204 (9th Cir. 1982)).

Although the issue of prompt access to judicial hearings and records may be of public interest, Petitioner's perspective on the importance of immediate access to the documents at issue (civil complaints that have been submitted to Idaho Court's efiling system for clerk review, but that have not yet been accepted for filing) is duplicative, as these interests are discussed in detail in CNS's Answering Brief. For example, CNS claims its access was delayed to "especially newsworthy [complaints], such as lawsuits about a fatal airplane collision over Lake Cour d'Alene and alleged sexual assault by an Idaho legislator against a teenage legislative page." Dkt. 28.1 at 21. The Petitioner's brief offers a similar perspective by discussing media activity generated by the filing of a complaint in federal court arising out of an alleged conspiracy to incite the violent attack on the U.S. Capitol on January 6, 2021. Dkt. 34.1 at 10-11. This anecdote is irrelevant because it has nothing to do with the documents at issue (complaints that have been submitted to Idaho Courts' e-filing system but have not yet been reviewed and accepted for filing by the clerk), and it also fails to account for the fact that complaints are immediately

available upon *acceptance* for filing in both federal courts and Idaho courts; the only distinction is that complaints in federal court are automatically accepted whereas complaints in Idaho Courts require clerk review prior to acceptance. *See e.g.* Dkt. 11 at 6-7.

Further, neither CNS nor Petitioner explain how Idaho's clerk review process did or would have made any of these three complaints less newsworthy or otherwise limited the press and public's access to these documents. The federal lawsuit undoubtedly would have still been reported on even if it sat in a clerk's review queue for a few hours (or even a few days) before it was accepted for filing and became publicly available. The duplicative anecdotes merely reiterate CNS's unfounded position that news somehow becomes "stale" if the press does not have access to complaints while they are awaiting clerk review. The Petitioner's amicus brief offers no additional legal or substantive information that would be useful to the Court related to this interest.

In terms of the second factor—supplementing the efforts of counsel—the First Circuit has explained that, when there is a lack of joint consent to an amicus brief, courts "should go slow in accepting, and even slower in inviting, an amicus brief unless, as a party, although short of a right to intervene, the amicus has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance." *Strasser v. Doorley,* 432 F.2d 567, 569 (1st

Cir. 1970). It is doubtful that CNS's counsel needs supplemental assistance from the Petitioner; they have filed numerous lawsuits throughout the country that have raised these same issues, some of which have been appealed to other federal circuits. CNS and the Petitioner advocate from the same perspective, request identical solutions, and rely on the exact same legal theories and rationale. The amicus brief does not assist in supplementing the efforts of CNS's counsel, and merely rehashes the same arguments they have already raised. Additionally, the Petitioner does not represent a special interest that would otherwise not have representation; its claimed interests mirror those of CNS. *Compare* Dkt. 34.2 at 2 ("As news organizations and media organizations that gather and report news to the public, or advocate for the First Amendment and newsgathering rights of the press, amici have a strong interest in safeguarding the public's presumptive right to access court proceedings and records."), *with* Dkt. 28.1 at 5 ("CNS is a nationwide news service founded more than 30 years ago to report on civil litigation. . . It employs about 240 people, mostly editors and reporters, covering state and federal trial and appellate courts in all 50 states, and reporting on general news through its website since both the Petitioner and CNS are American media companies."). Thus, Petitioner does have a special interest that is not already represented by CNS in this case.

Finally, Petitioner's amicus brief fails the third criteria because it does not highlight relevant law that escaped consideration. There is no dispute that this appeal

centers on differing interpretations of the *Planet III* trilogy, and Petitioner's amicus brief heavily relies on the same cases cited by CNS throughout its Answering Brief. Although the Petitioner's amicus brief cites a few cases that were not included in CNS's Answering brief, they do not meaningful contribute to any of the arguments and instead simply offer additional citations for legal principles already presented or provide slight elaborations on CNS's arguments. *See e.g. Washington v. United States FDA*, 668 F. Supp. 3d 1125, 1144 (E.D. Wash. 2023) (denying unopposed motions for leave to file amicus briefs because "the proposed briefs offer no additional legal or substantive information that is particularly helpful to the Court's findings on the present motion").

For these reasons, Petitioner has not satisfied the three-fold criteria for submitting an amicus brief. Petitioner has not offered any unique perspective on a matter of public interest, and instead offers the same perspective, case law, and arguments as CNS. This does not aid the Court in any meaningful way, and therefore the motion for leave to file an amicus brief should be denied.

**B.    The Petitioner's Motion for Leave to File an Amicus Brief should be denied because it abuses the amicus process by extending the amount of briefing in support of CNS's arguments.**

The purpose of an amicus brief is to assist the Court in deciding the issues before it. However, the amicus process is oftentimes misused to reemphasize the arguments of whichever side the purported "friend of the court" supports. As Chief

Judge Posner of the Seventh Circuit aptly noted:

> The vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed. They are an abuse. The term "amicus curiae" means friend of the court, not friend of a party.

*Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997). Because the Petitioner's amicus brief is duplicative of CNS's argument, relies on identical case law, and offers no new perspective or expertise, the Court should deny this motion because, consistent with Chief Judge Posner's position, amicus briefs that merely extend the length of a litigant's brief should not be allowed. The Petitioner's amicus brief is an abuse to the adjudicative process and hinders judicial efficiency.

District courts in the Ninth Circuit have taken an approach similar to Chief Judge Posner's when analyzing amicus briefs. "Historically, amicus curiae is an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and advises the Court in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party over another." *See Cmty. Ass'n for Restoration of the Env't v. Deruyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999), *see also Washington*, 668 F. Supp. 3d at 1144 (declining to consider amicus briefs that offered "no additional legal or substantive information"). The petitioner in *Cmty. Ass'n*'s provided assistance to the court on both factual and legal issues relating to their extensive control, operation,

and management of the drains and knowledge of "return flows from irrigated agriculture" without "seeking participation as an advocate for any of the existing parties." 54 F. Supp. 2d at 975.. In contrast, Petitioner's amicus brief only echoes the arguments already raised by CNS without providing any unique information or perspective that can help the Court with deciding the issues.

The Court should deny Petitioner's motion because it does not offer any unique perspective that will help the Court decide the issues before it, and instead merely extends CNS's briefing by making the same duplicative arguments.

C. **Accepting the Petitioner's amicus brief would result in unfairness and prejudice to Omundson.**

If the Court were to grant Petitioner's motion for leave to file an amicus brief, the result would be unfair and prejudicial to Omundson. As discussed in the preceding sections, amicus briefs that effectively extend one side's briefing by raising the same arguments are an improper use of the amicus process. *See also Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999) (denying motion for leave to file amicus brief that was not useful, and noting that amicus briefs are less useful "where the applicant's only concern is the manner in which the Court will interpret the law"); *see also Cody v. Ring LLC,* 718 F. Supp. 3d 993, 1004 (N.D. Cal. 2024) (denying motion to file amicus brief because it "is not useful to the Court as it provides no additional insight or authorities"). The Petitioner's amicus brief does exactly that, and therefore adds to the pages of briefing Omundson must address in

her reply brief, which is limited to 7,000 words and must be filed only a few weeks after CNS filed its 61-page opposition brief and Petitioner filed its 22-page proposed amicus brief. Omundson therefore requests that this Court exercise its discretion to deny Petitioner's motion because, in addition to failing to satisfy the three-fold test discussed above, it unnecessarily adds to her burden in preparing a reply brief with limited words and on limited time.

## CONCLUSION

For the reasons set forth above, Omundson respectfully requests that the Court deny Petitioner's motion to file an amicus curiae brief in support of CNS.

Date: June 6, 2025

DUKE EVETT, PLLC

/s/ Keely E. Duke
Keely E. Duke
Molly E. Mitchell
*Attorneys for Appellant Sara Omundson*