U.S. Court of Appeals Docket No. 24-6697

_____

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT
_____

COURTHOUSE NEWS SERVICE,

*Plaintiff/Appellee*,

vs.

SARA OMUNDSON, in her official capacity as Administrative Director of Idaho Courts,

*Defendant/Appellant.*
_____

On Appeal from a Decision of the United States District Court
For the District of Idaho
Case No. 1:21-cv-00305-DCN
The Honorable David C. Nye
_____

## MOTION OF APPELLEE COURTHOUSE NEWS SERVICE FOR LEAVE TO FILE SUR-REPLY
_____

Roger Myers
Rachel Matteo-Boehm
Jonathan Fetterly
Katherine Keating
**BRYAN CAVE LEIGHTON PAISNER LLP**
3 Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
roger.myers@bclplaw.com; rachel.matteo-boehm@bclplaw.com;
jon.fetterly@bclplaw.com; katherine.keating@bclplaw.com

*Attorneys for Plaintiff-Appellee*
COURTHOUSE NEWS SERVICE

Plaintiff-Appellee Courthouse News Service ("CNS") respectfully moves for permission to file a sur-reply to respond to arguments made by Defendant-Appellant Sarah Omundson ("Appellant") in her Reply Brief that were not made in her Opening Brief. Specifically, Appellant attempts to shift her burden of proof in the second part of the *Press-Enterprise II* analytical framework – under which she must demonstrate "that no reasonable alternatives exist to 'adequately protect,'" *CNS v. Planet*, 947 F.3d 581, 596 (9th Cir. 2020) ("*Planet III*") (quoting *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 9, 14 (1986) ("*Press-Enterprise II*"), the interests she asserts to support her policy of withholding access to new complaints until after processing. Appellant does this by arguing for the first time—as part of her abstention argument—that CNS has not provided "evidence" demonstrating that the reasonable alternatives available to her would not "intrude on sensitive state functions," and that "it was not [Appellant's] burden to present evidence of how [alternatives are] impacting other jurisdictions in order to refute CNS's conjecture." RB at 10-16.

In her Opening Brief ("AOB"), Appellant discussed the alternatives to her current policy that other e-filing courts use as part of the second part of the *Press-Enterprise II* framework, for which Appellant has the burden of proof. *See* AOB at 33-37 (Sections III(B)&(C). CNS' Answering Brief ("AB") responded to these arguments by discussing the record and explaining why the district court correctly

1

ruled Appellant failed to meet her burden to show "that no reasonable alternatives exist[ed] to 'adequately protect'" her asserted interests. *Planet III*, 947 F.3d at 596. *See* AB at 40-60 (Section V).

Appellant now changes strategy and approach with her Reply Brief by omitting any reference to her burden of proof with respect to reasonable alternatives under the *Press-Enterprise II* framework (Appellant's third issue on appeal), while attempting to shift her burden of proof to CNS by discussing reasonable alternatives in connection with her abstention argument (Appellant's first issue on appeal). In doing this, Appellant introduces a new analytical framework under which she discusses the evidence germane to the *Press-Enterprise II* test—*i.e.*, reasonable alternatives—in connection with abstention and claims CNS "has not provided any evidence to refute" her contentions. RB at 13.

Appellant's new burden-shifting argument and framework stand to confuse the issues before the Court if left unaddressed. CNS would have responded to them in its Answering Brief had Appellant raised them in her Opening Brief, as she was required to do.[1] CNS therefore seeks permission to file the attached sur-reply,

---

[1] While Appellant's Opening Brief makes the general argument that the reasonable alternatives available to her amount to "an ongoing intrusion into the state's administration of justice, [] and warrants abstention," AOB 18 (citations omitted), Appellant did *not* argue in her Opening Brief that CNS had the burden of proof with respect to those alternatives. Rather, Appellant cited Sections III(B) and (C) of her Opening Brief, in which she discussed reasonable alternatives in the context

2

or alternatively, it respectfully asks that the Court not consider Section II(B) (pages 10-16) of Appellant's Reply Brief on the grounds that Appellant waived this argument by not raising it in her Opening Brief. *See Clark v. Time Warner Cable*, 523 F.3d 1110, 1116 (9th Cir. 2008) ("This court will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief")(internal citations and quotations omitted); *Tri-Valley Cares v. U.S. Dept. of Energy*, 671 F.3d 1113, 1129-1130 (9th Cir. 2012) ("Claims not made in an opening brief in a sufficient manner to put the opposing party on notice are deemed waived") (citing *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002)).

CNS's proposed Sur-Reply is only six pages long and conforms to Local Rule 27-1 in that it is less than ten pages. CNS will include Form 8 with its Sur-Reply when it is granted leave to file to file it, and does so.

Pursuant to Local Rule 27-1, CNS' counsel conferred with Appellant's counsel on July 18, 2025, who said Appellant intends to oppose this motion, as described in the attached Declaration of Jonathan G. Fetterly.

Dated: July 21, 2025             BRYAN CAVE LEIGHTON PAISNER LLP

                                 By: */s/ Rachel Matteo-Boehm*
                                     Rachel Matteo-Boehm
                                 Attorneys for Plaintiff-Appellee
                                 Courthouse News Service

---

of the *Press-Enterprise II* framework under which Appellant carries the burden of proof. *Id*.

3

## DECLARATION OF JONATHAN G. FETTERLY

I, Jonathan G. Fetterly, declare:

1.　　I am an attorney duly licensed to practice law in the State of California and in the Ninth Circuit Court of Appeals and am a partner with the law firm Bryan Cave Leighton Paisner LLP, attorneys for Appellee Courthouse News Service.  I make this declaration of my own personal knowledge, and if called as a witness, I could and would testify competently to the facts stated herein.

2.　　On July 18, 2025, I communicated via email with Keely Duke and Molly Mitchell, attorneys for Appellant Sara Omundson, and informed them that CNS intended to file a motion for leave to file a sur-reply in response to Appellant's new argument at Section II(B) of her Reply Brief.  Ms. Mitchell said that Appellant intended to oppose this motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California, on July 21, 2025.

　　　　　　　　　　　　　　　　　　　　*s/ Jonathan G. Fetterly*
　　　　　　　　　　　　　　　　　　　　Jonathan G. Fetterly

4