U.S. Court of Appeals Docket No. 24-6697

_____

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

_____

COURTHOUSE NEWS SERVICE,

*Plaintiff/Appellee*,

vs.

SARA OMUNDSON, in her official capacity as Administrative Director of Idaho Courts,

*Defendant/Appellant.*

_____

On Appeal from a Decision of the United States District Court
For the District of Idaho
Case No. 1:21-cv-00305-DCN
The Honorable David C. Nye

_____

### REPLY OF APPELLEE COURTHOUSE NEWS SERVICE
### IN SUPPORT OF MOTION FOR LEAVE TO FILE SUR-REPLY

_____

Roger Myers
Rachel Matteo-Boehm
Jonathan Fetterly
Katherine Keating
**BRYAN CAVE LEIGHTON PAISNER LLP**
3 Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
roger.myers@bclplaw.com; rachel.matteo-boehm@bclplaw.com;
jon.fetterly@bclplaw.com; katherine.keating@bclplaw.com

*Attorneys for Plaintiff-Appellee*
COURTHOUSE NEWS SERVICE

Appellant's Response to CNS' Motion for Leave to File Sur-Reply (Dkt. 54.1) ("Response") contends that her reference to "burden" in Section II(B) of her Reply Brief was an "evidentiary argument rather than a burden of proof argument." Response at 3; *see also id*. at 5-7.[1] But an argument about which party is required to carry an evidentiary burden on a particular issue *is* a burden of proof argument. Moreover, how other courts provide access to new complaints (*i.e.*, "reasonable alternatives") necessarily implicates the second prong of the *Press-Enterprise II* test under which Appellant carries the burden of proof.

Appellant fails to acknowledge the extent to which her Reply Brief attempts to use abstention as a vehicle to shift this evidentiary burden. RB at 10-11, 13-15. It is well outside the scope of her one-sentence Opening Brief argument that the alternatives available to her would pose "'an ongoing intrusion into the state's administration of justice,' [that] warrants abstention." AOB 18 (discussing abstention without *any* mention of Appellant's burden under the *Press-Enterprise II* test, or evidentiary burdens generally). If the Court is inclined to consider this new argument, CNS' motion for leave to file its Sur-Reply should be granted.

Dated: August 5, 2025          BRYAN CAVE LEIGHTON PAISNER LLP

By: /s/ Rachel Matteo-Boehm
    Rachel Matteo-Boehm
Attorneys for Plaintiff-Appellee
Courthouse News Service

---

[1] Response page numbers are ECF numbers; abbreviations track CNS' motion.