U.S. Court of Appeals Docket No. 24-6697

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

COURTHOUSE NEWS SERVICE,
*Plaintiff/Appellee*,

vs.

SARA OMUNDSON, in her official capacity as
Administrative Director of Idaho Courts,
*Defendant/Appellant.*

On Appeal from a Decision of the United States District Court
For the District of Idaho
Case No. 1:21-cv-00305-DCN
The Honorable David C. Nye

# MOTION TO TRANSFER CONSIDERATION OF ATTORNEYS' FEES ON APPEAL TO THE DISTRICT COURT OR IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME IN WHICH TO FILE THE FEES MOTION IN THIS COURT

Roger Myers
Rachel Matteo-Boehm
Jonathan Fetterly
Katherine Keating
**BRYAN CAVE LEIGHTON PAISNER LLP**
3 Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
roger.myers@bclplaw.com; rachel.matteo-boehm@bclplaw.com;
jon.fetterly@bclplaw.com; katherine.keating@bclplaw.com

*Attorneys for Plaintiff-Appellee*
COURTHOUSE NEWS SERVICE

Plaintiff-Appellee Courthouse News Service ("CNS") respectfully requests, pursuant to Ninth Circuit Rule 39-1.8, that this Court transfer consideration of attorneys' fees on appeal to the United States District Court for the District of Idaho ("District Court"), the district court from which this appeal was taken.

Ninth Circuit Rule 39-1.8 provides: "[a]ny party who is or may be eligible for attorneys fees on appeal to this Court may, within the time permitted in Circuit Rule 39.1-6, file a motion to transfer consideration of attorneys fees on appeal to the district court ... from which the appeal was taken." This Court issued its Opinion affirming the District Court's judgment on September 3, 2026. The time to seek petition for rehearing expired on September 17, 2026. Because a timely petition for attorney fees is due on or before October 1, 2026, this request for transfer is timely.

This case involves a constitutional challenge pursuant to 42 U.S.C. § 1983 and the First Amendment by CNS challenging unconstitutional delays in public and press access in the state district courts of Idaho to newly electronically filed non-confidential civil complaints. The District Court granted CNS's motion for summary judgment and denied the summary judgment motion of Defendant-Appellant Sarah Omundson ("Appellant"). The District Court issued a declaration that Appellant's practice of withholding access to new civil complaints until after court staff complete administrative processing violated CNS's First Amendment

rights, and entered a permanent injunction barring Appellant from continuing that practice. Judgment was entered on September 30, 2024. In its Opinion issued September 3, 2026, this Court affirmed the judgment of the District Court in full.

As the prevailing party in this action, CNS is entitled to seek its reasonable attorneys' fees in this matter. *See* 42 U.S.C. § 1988; *Hensley v. Eckhart,* 461 U.S. 424, 429 (1983) ("[t]he purpose of § 1988 is to ensure effective access to judicial process for persons with civil rights grievances"). Under Ninth Circuit Rules 39-1.6 and 39-1.8, CNS may seek its fees in relation to this appeal either directly with the Ninth Circuit or by requesting a transfer of the fees issue to the District Court and seeking fees there. For judicial and party efficiency, CNS now respectfully moves this Court to transfer consideration of attorneys' fees on appeal to the District Court. 9th Cir. R. 39-1.8.

Good cause supports transfer to the District Court. The District Court presided over the underlying suit for over three years. CNS's motion for district court attorneys' fees and costs through entry of judgment is fully briefed and currently pending before the District Court. That motion for district court fees is supported by evidence that is relevant to CNS's motion for appellate fees, such as declarations addressing the experience and hourly rates of CNS's counsel. Additionally, both fee motions – district court and appellate – will require analysis of CNS's degree of success as the prevailing party. It will be more efficient to have

the District Court consider recovery of fees comprehensively across all district court and appellate proceedings than it would be to litigate fees on this appeal piecemeal and have two separate fee motions considered by two separate courts.

Pursuant to Local Rule 27-1, on September 18, 2026, the undersigned counsel for CNS informed counsel for Appellant via email of CNS's intention to file this motion and requested Appellant's position (*i.e.*, consent or oppose). On September 21, 2026, counsel for Appellant replied to that email by stating they consent to CNS's request under Ninth Circuit Rule 39-1.8.

**Alternative Request for Relief**

If this Court declines to grant the request for transfer, CNS respectfully requests that the Court extend the time by which CNS is required to file its motion for attorneys' fees incurred on appeal, to this Court, by 14 days from the date of that decision. CNS also requested Appellant's position regarding this alternative request for relief in the above-referenced email, to which counsel for Appellant responded by expressing their consent.

Dated: September 21, 2026 BRYAN CAVE LEIGHTON PAISNER LLP

By: */s/ Jonathan G. Fetterly*
Jonathan G. Fetterly

Attorneys for Plaintiff-Appellee
Courthouse News Service